### GREAT NORTHERN RY. CO. v. ERIE R. CO.

District Court, S. D. New York.
April 8, 1932.

F. G. Dorety, R. J. Hagman, and J. P. Plunkett, all of St. Paul, Minn., and White & Case, of New York City (Chester Bordeau, of New York City, of counsel), for plaintiff.

H. A. Taylor, of Cleveland, Ohio, and Marion B. Pierce, of New York City, for defendant.

PATTERSON, District Judge.

The action is at law to recover money had and received. A jury was waived and the case submitted on an agreed statement of facts.

The railroad companies carried freight on through transportation, the charges being collected in some cases wholly by the Great Northern and in others wholly by the Erie. The charges so collected were subject to agreed bases for division among the railroads participating in the traffic. There thus arose what are called "interline accounts" between the two companies, the accounts being settled monthly. In the months from May, 1925, to July, 1926, inclusive, the balances due to the Great Northern on these accounts totaled $1,102,911.54. The Erie paid over the sum of $1,066,739.62. The balance, $36,171.92, was withheld by the Erie as money to which it claimed to be entitled under an order of the Interstate Commerce Commission. The $36,171.92 so withheld is the amount now sued for.

The order of the commission relied on by the Erie was entered in a proceeding commenced on September 13, 1922, entitled Erie R. R. Co. v. Alabama & Vicksburg Ry. Co., 98 I. C. C. 268. In this proceeding the Commission found that the existing divisions of the joint transcontinental rates on certain kinds of freight were unjust to the Erie, that the just divisions were those specified in the Commission's decision, and that such divisions would have been the just ones on and after September 13, 1922, when the proceeding was commenced. The order entered on April 30, 1925, set forth the divisions found by the Commission and provided that they should take effect retroactively, as of September 13, 1922. The $36,171.92 withheld by the Erie was the amount to which it was entitled under the retroactive feature of the Commission's order. The Great Northern protested against the deduction but without success. It also asked the Commission for a rehearing as to the retroactive adjustment, but its petition was denied.

In 1928 the Supreme Court held that the Commission had no power to give retroactive effect to an order of the type entered in the Erie Case. Brimstone R. R. & Canal Co. v. United States, 276 U. S. 104, 48 S. Ct. 282, 72 L. Ed. 487. Thereafter the Great Northern filed another petition with the Commission, asking that the retroactive part of the order of April 30, 1925, be eliminated. The Commission granted this relief, citing the Brimstone Case and holding that, in so far as the original order prescribed a retroactive adjustment of the rates, it was beyond the jurisdiction of the Commission. Erie R. Co. v. Alabama & V. R. Co., 173 I. C. C. 563. It accordingly by order entered April 7, 1931, amended the original order so as to make it effective as of June 25, 1925, rather than September 13, 1922. The Erie then questioned the validity of this order in a proceeding in this court, but it was held that the original order was void as to the retro-

active feature, and that the later order of the Commission was a proper one.

Upon these facts there can be no doubt that the Great Northern is entitled to the full sum .demanded. The $36,171.92 represents the unpaid balance due on its share of the joint rates earned between May, 1925, and July, 1926. The Erie thought that it had a credit or counterclaim for readjustments over the preceding years and so it withheld this sum. Its belief was founded on the retroactive clause of the order of the Commission dated April 30, 1925. But in fact and in law it had no right to ,the readjustment. The order relied upon was a void one in this respect and the Commission has accordingly corrected it.

█ █ The Great Northern is also entitled to interest at 6 per cent. from the dates in 1925 and 1926 when the moneys should have been paid over. Laches is an equitable defense that has no place in an action at law.

Judgment will be entered for the plaintiff accordingly.