185 N.J. Super. 142 (1982)
447 A.2d 607
THOMAS J. FALLON AND ANN FALLON, HIS WIFE, PLAINTIFFS,
v.
BOARD OF EDUCATION OF THE SCOTCH PLAINS-FANWOOD SCHOOL DISTRICT, UNION COUNTY, DEFENDANT.
Superior Court of New Jersey, Law Division Union County.
Decided May 6, 1982.
*143 Ralph Neibart for plaintiffs.
*144 Casper P. Boehm, Jr. for defendant.
FELLER, J.S.C. (retired and temporarily assigned on recall).
This is an action in lieu of prerogative writs wherein plaintiffs seek to recover interest on payments made for tuition and transportation for their daughter's education. There is no dispute as to any material fact.
Plaintiffs are the parents of Nadine Fallon (hereinafter Nadine) who was born on January 25, 1961. Nadine attended the public schools of defendant school district from September 1966 through February 1976.
On March 1, 1976 plaintiffs placed their daughter Nadine in the Jordan Day School in Carteret, New Jersey, a private day school for neurologically impaired children. The placement followed the refusal of defendant's child study team to change Nadine's classification from "multiply handicapped," with her primary handicap being educable mentally retarded, to "neurologically impaired," and defendant's insistence that Nadine attend its class for mentally retarded children wherein she had been placed by defendant since October 1973.
When plaintiffs' request for reimbursement of tuition and transportation expenses for Nadine's attendance at the Jordan Day School was rejected by defendant, a petition seeking reimbursement was submitted to the Commissioner of Education in April 1978. Submission of that petition was deferred until plaintiff Thomas J. Fallon had completed his term as a member of the defendant's board of education so as to avoid any question of conflict of interest.
A hearing pursuant to N.J.A.C. 6:28-1.9(j) was conducted on September 20, 25 and 28, and October 13, 1978, by classification officer Dr. Arthur Shapiro, which concluded that Nadine should be classified as neurologically impaired and placed in a class for neurologically impaired pupils. The opinion of Dr. Shapiro contained findings of fact which indicated numerous incidents of *145 procedural irregularity and lack of responsiveness to Nadine's special education needs on the part of defendant.
The classification then concluded:
Based solely on the evidence submitted and the testimony presented, the classification officer finds that N.F. should be classified as neurologically impaired and placed in a class for neurologically impaired pupils.
The classification officer agrees with petitioners' contention that N.F.'s placement at the day school was not voluntary on their part but forced by respondent's refusal to program N.F. as a neurologically impaired pupil coupled with enforcement of the state attendance laws (R-52).
........
The classification officer hereby orders that petitioners be reimbursed for N.F.'s attendance at the day school for the period from March 1976 to June 1978, the amount awarded to be based upon the amount of tuition allowed to the school for pupils classified as neurologically impaired. In addition, transportation costs to petitioners for the actual amount expended by them should be reimbursed by respondent for the same period of time. It is noted that respondent provided N.F.'s transportation for one year as an accommodation to petitioners.
Respondent is also hereby ordered to provide N.F. with an educational program geared to her needs as a pupil classified as neurologically impaired. Respondent's basic child study team is to meet with petitioners to prepare an individualized education program in accordance with the rules now in effect (N.J.A.C. 6:28-1.8). This program is to be developed within 60 days. N.F.'s placement is to be changed to respondent's class for neurologically impaired pupils in accordance with child study team recommendations, the results of the individualized education program meeting and this decision.
This decision shall be implemented without delay and be binding on all parties.
Subsequently defendant filed a notice of appeal from the decision of the classification officer. Defendant also made application for a stay of that decision which was essentially denied by Dr. Shapiro's decision of April 26, 1979. On appeal from the denial of defendant's motion, the Commissioner of Education stayed the payment of tuition and transportation costs incurred prior to January 5, 1979, the date of the classification officer's decision, but directed defendant to assume all such costs thereafter incurred by plaintiffs.
The Commissioner's decision on the merits of defendant's appeal was rendered on October 22, 1980. The Commissioner denied the petition of appeal and upheld in its entirety the decision of the classification officer. Specifically, the Commissioner *146 ordered that plaintiffs be reimbursed the cost of tuition and transportation required by the classification officer. The Commissioner further ordered that defendant should "continue to pay for appropriate tuition and transportation charges incurred by educating N.F. (Nadine) at the day school involved so long as she is properly assigned there." Scotch Plains-Fanwood Dist. Bd. of Ed. v. A.F. and T.F. (Aug. 22, 1980).
Plaintiffs acknowledge receiving reimbursements from defendant as follows: $3,060 on October 23, 1979 (for tuition costs from January 5 through June 30, 1979); $625 on November 21, 1979 (for transportation costs from January 5 through June 30, 1979); $12,420 and $2,846 in November 1980 (for tuition and transportation costs, respectively, from March 1, 1976 through January 4, 1979). Plaintiffs claim that their acceptance of these monies was without prejudice to their claim for interest from the respective dates that plaintiff advanced these payments to the dates of reimbursement by defendant.
Plaintiffs' complaint in the present action was filed on July 16, 1981. Defendant filed its answer on September 16, 1981 pursuant to a stipulation extending time. The matter was pretried before this court on December 17, 1981. Plaintiffs' motion for summary judgment was made on January 26, 1982 in order to resolve the primarily legal issued presented in this action. Plaintiffs seek to recover interest from the dates they advanced the expenses to the dates of reimbursement by defendants at 12% a year, the rate currently prescribed R. 4:42-11, as well as costs of suit, including reasonable attorney's fees.
Defendant challenges the propriety of plaintiffs maintaining this action for prejudgment interest and asserts that since plaintiffs failed to raise this claim during the prior administrative hearings, this action should be barred by virtue of the entire controversy doctrine embodied in R. 4:27-1(b), and the doctrine of exhaustion of administrative remedies.

*147 I  Exhaustion of Administrative Remedies

Whether defendant's claim is characterized in terms of "failure to exhaust administrative remedies" or in terms of the "entire controversy doctrine" the essence of its challenge is that plaintiffs, having failed to raise their claim for prejudgment interest in the prior administrative actions, may not now assert such claim in the Superior Court.
The Commissioner of Education has consistently held that he lacks the requisite subject matter jurisdiction to award punitive damages, counsel fees and interest, which "may properly be awarded only by the courts absent statutory provision granting such power to an administrative authority." North Bergen Fed. of Teachers, Local 1060 v. North Bergen Bd. of Ed., 75 S.L.D. 461, 467 (1975)[1]; accord Meisenbacher v. Newark Bd. of Ed., 80 S.L.D. ___ (1980); Winter v. North Bergen Bd. of Ed., 75 S.L.D. 236 (1975)[1].
The doctrine of exhaustion of administrative remedies is set forth in R. 4:69-5 and is expressly subject to exception "where the interests of justice require otherwise." In Durgin v. Brown, 37 N.J. 189 (1962), our Supreme Court (at 202-203) recognized that "the requirement for the exhaustion of the administrative remedy is neither jurisdictional nor absolute in its terms." Rather, the rule vests discretion in the trial court to determine whether the interests of justice require that the process of administrative appeal be bypassed, and no rigid formula can be prescribed for the exercise of that discretion. Id. at 203. See, also, Atlantic City v. Laezza, 80 N.J. 255, 265 (1979); Garrow v. Elizabeth Genl. Hosp. & Disp., 79 N.J. 549, 561 (1979); Swede v. Clifton, 22 N.J. 303, 314-316 (1956). Where administrative review would be "a futile gesture," it appears that exhaustion of administrative remedies should not be required. Honigfeld v. Byrnes, 14 N.J. 600, 604 (1954).
*148 In the instant matter plaintiffs' entitlement to interest and costs involve the interpretation of legal questions and the exercise of judicial discretion. The Commissioner of Education is not clothed with the authority to determine plaintiffs' claims presented herein. Therefore, it does not appear that the interests of justice would be served by requiring plaintiffs to raise matters over which the administrative decision maker lacks the power to adjudicate.

II  Interest

The court, in addressing the plaintiff's claim for interest, notes the following general principles concerning such awards:
While interest is not given as damages where it is expressly reserved in the contract, or implied by the nature of a promise, where the right of interest is not established by contract, by statute or by judgment, it ordinarily comes as an allowance in the nature of damages, based on wrongful detention. The purpose of awarding interest as damages is to compensate an aggrieved party for detention of money rightfully due him, and to afford him full indemnification or compensation for the wrongful interference with his property rights. The allowance of interest as an element of damages is based on the general assumption that retention of the money benefits the debtor and injures the creditor. [25 C.J.S., Damages, § 51, at 789-790; citations omitted]
R. 4:42-11(b) authorizes the awarding of prejudgment interest. While the rule refers specifically to tort actions, "it is clear that prejudgment interest may run on liquidated claims as well, not as a matter of right but rather in accordance with equitable principles." Pressler, Current N.J. Court Rules, Comment R. 4:42-11 (1981).
In interpreting R. 4:42-11(b) the court in Busik v. Levine, 63 N.J. 351 (1973), app. dism., 414 U.S. 1106, 94 S.Ct. 831, 38 L.Ed.2d 733 (1973) stated:
Interest is not punitive, Wilentz v. Hendrickson, 135 N.J. Eq. 244, 255-256 (E. & A. 1944); here it is compensatory, to indemnify the claimant for the loss of what the moneys due him would presumably have earned if payment had not been delayed. We mentioned earlier the judge-made limitation that interest should not be allowed if the claim was unliquidated. That limitation apparently rested upon the view that a defendant should not be deemed in default when the amount of his liability has not been adjudged. But interest is payable on a liquidated claim when liability itself is denied, even in good faith, Kamens v. *149 Fortugno, 108 N.J. Super. 544, 552-553 (Ch.Div. 1970). The fact remains that in both situations the defendant has had the use and the plaintiff has not, of moneys which the judgment finds was the damage plaintiff suffered. This is true whether the contested liability is for a liquidated or for an unliquidated sum. [at 358-359]
It would appear that New Jersey follows the common law view that interest is payable on liquidated obligations from the due date, notwithstanding disputation in good faith over legal liability. Jos. L. Muscarelle, Inc. v. Central Iron Mfg. Co., 379 F.2d 715, 719 (3rd Cir.1967). "In equity, interest has been allowed `either by way of damages for the detention of a fund, or by way of profit earned or advantage attained.'" Consolidated Police, etc., Pension Fund Comm'n v. Passaic, 23 N.J. 645, 652 (1957) (citations omitted).
The matter before this court raises several unique questions, and this court is not aware of any prior reported decisions in our court having a substantial identity of factual circumstances and legal issues.
A review of case law from other jurisdictions indicates that school districts "may become liable for the payment of interest even in the absence of a contract or statute in terms including it, if there is wrongful delay in the payment of an accrued obligation, or a wrongful treatment of funds which belong to another." Annotation, 24 A.L.R.2d, "Interest-Against Governmental Unit", § 26 at 997.
Similarly, it has also been recognized in New Jersey that although interest as an element of damages against a governmental entity is not generally recoverable absent a statutory basis, "the right to such interest may, in a proper case, be awarded in the absence of such a statute because of overriding and compelling equitable reasons ... In such circumstances a trial court has broad discretion." Elizabeth Police Super. Off. Ass'n v. Elizabeth, 180 N.J. Super. 511, 517 (App.Div. 1981); see Consolidated Police, etc., Pension Fund Comm'n v. Passaic, 23 N.J. at 654.
*150 The case of Hankin v. Hamilton Tp. Bd. of Ed., 47 N.J. Super. 70 (App.Div. 1957), certif. den. 25 N.J. 489 (1957), would appear to be particularly relevant. Plaintiff therein instituted suit in quantum meruit to recover for architectural services rendered to defendant board. The trial court awarded prejudgment interest from the date of defendant's first refusal to pay the debt. Id. at 75. The Appellate Division, in affirming the judgment, determined that defendant's refusal of payment was clearly unreasonable, and further stated:
The allowance of interest is permitted where the injury suffered should have been made good when the amount due was requested. If the money due had been paid, plaintiffs would have had the use of all the money so due them. The test in a case of this kind, where the amount due is not a liquidated debt but where defendant's attitude towards payment of the obligation was substantially unwarranted, is to be found in "consideration of justice and fair dealing." [at 84; citations omitted]
In applying these general principles to the instant matter, this court is persuaded that defendant's refusal to reclassify Nadine as neurologically impaired and its refusal to reimburse plaintiff for tuition and transportation expenses was substantially unwarranted and unreasonable. In reaching this determination, reliance is placed on the decisions rendered by the classification officer and Commissioner of Education in this matter. In an effort to provide a suitable education for their handicapped child, plaintiffs were forced to expend the sum of almost $16,000 over approximately a three-year period. In this court's view, consideration of equity and justice would mandate an award of interest in this matter at the rate of 8% a year, to be calculated from the date that plaintiffs made payments for Nadine's tuition and transportation costs to the date of reimbursement by defendants. This court has further determined that the interest rate of 8%, rather than 12% as requested by plaintiffs, is appropriate since this percentage reflects the rate of interest applicable during the period that these funds were expended by plaintiffs.
This court notes that during pretrial defendant's counsel indicated an intention to raise the issue of laches. Whereas this *151 issue has not been addressed in the present motion for summary judgment, it shall be deemed to have been abandoned by defendant.

III  Counsel Fees

This court deems an award of counsel fees to plaintiffs to be inappropriate in this matter, and has been provided with no persuasive authority to the contrary. Therefore, counsel fees and other costs of suit shall be borne by the respective parties.
Therefore, for the reasons expressed herein it is the opinion of this court that summary judgment in this action shall be entered:
Allowing plaintiffs to recover prejudgment interest in accordance with this opinion;
Awarding said plaintiffs prejudgment interest in the amount of $3,926, and
Denying plaintiffs' application for counsel fees and costs of this suit.
NOTES
[1] Opinions rendered by the Commissioner of Education are reported as School Law Decisions (cited as S.L.D.).