197 N.J. Super. 239 (1984)
484 A.2d 723
BOARD OF EDUCATION OF THE CITY OF NEWARK, ESSEX COUNTY, RESPONDENT-APPELLANT AND CROSS-RESPONDENT,
v.
RUTH LEVITT AND ESTHER E. SASLOE, PETITIONERS-RESPONDENTS AND CROSS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted September 18, 1984.
Decided November 29, 1984.
*241 Before Judges PRESSLER, BRODY and HAVEY.
Louis C. Rosen, attorney for appellant and cross-respondent (Dwayne C. Vaughn, on the brief).
Giblin & Giblin, attorneys for respondents and cross-appellants (Michael P. Kemezis and Kenneth M. Bushell, on the brief).
Irwin I. Kimmelman, Attorney General of New Jersey, filed a Statement in Lieu of Brief on behalf of New Jersey State Board of Education (Regina A. Murray, Deputy Attorney General, on the statement).
PER CURIAM.
The issue on this appeal is whether the Commissioner of Education is empowered to award post-judgment interest to a successful claimant who has been awarded a money judgment. *242 We find that the Commissioner of Education has that power and accordingly reverse that portion of the State Board of Education's determination denying interest. Otherwise we affirm.
In 1971 petitioners Ruth Levitt and Esther E. Sasloe instituted proceedings with the Commissioner of Education (Commissioner) against the respondent Board of Education of the City of Newark (board). Essentially, petitioners argued that their assignment by the board as long-term substitute teachers from 1945 through 1961 improperly prevented them from acquiring tenure protection and also denied them proper placement on the teacher's salary guide, longevity increments, leaves of absence and other fringe benefits which should have accrued to them as regular teaching staff members. They sought compensation for the wages, fringe benefits and credits that they would have received had they been properly assigned. The Commissioner issued his decision on October 5, 1977. He adopted the findings of the hearing examiner, found that petitioners were regular full-time teachers during the years in question and ordered the board to compensate them for the back pay and benefits due to them. Although the board did not appeal from the Commissioner's decision, it failed to make the necessary calculations or to tender payment to petitioners in accordance with the Commissioner's decision. The board's attorney, however, assured petitioners that "payment was in the process," and on September 8, 1978, wrote to petitioners' attorney, advising him that "the sum due your clients respectively is Ruth Levitt $34,186.00 and Esther Sasloe $27,250.00." On April 30, 1979 he sent another letter with computations showing that the board owed $34,186 to Levitt and $26,500 to Sasloe. Despite these statements, the board made no tender of any sum to either petitioner. In view of the board's noncompliance with the Commissioner's order petitioners commenced an action in the Superior Court, Chancery Division to compel compliance. The trial court vacated the Commissioner's decision finding that he had misinterpreted the applicable school laws. Petitioners appealed to this court. We *243 reversed, holding that the trial judge erred in permitting the collateral attack on the Commissioner's order. We also held that although the Commissioner's order of October 5, 1977 was a final order, it required further implementation since the Commissioner had not computed the sums actually due petitioners. We remanded to the Commissioner to make these findings.
On remand, the administrative law judge to whom the contested case was assigned, recommended the grant of summary judgment in favor of the petitioners in the amount of $34,186 to Levitt and $26,550 to Sasloe. The administrative law judge also recommended the award by the Commissioner of post-judgment interest.[1] On February 5, 1983, the Commissioner accepted the findings and determinations of the administrative law judge but reversed the interest award, concluding "... that there is no statutory prescription for such awards...." He nevertheless observed that "... the Commissioner deplores in the strongest possible terms the cavalier treatment by the board of petitioners' claims and his decision herein not to award interest does not preclude petitioners from seeking such relief in the appropriate forum." The State Board of Education affirmed on the board's appeal. Respondent board appeals from the order granting summary judgment, and petitioners cross-appeal the denial of post-judgment interest.
We are satisfied that the board's contention that summary judgment should not have been granted fixing the amounts due petitioners is without merit. The decision by the State Board of Education affirming the summary judgment entered by the Commissioner is supported by sufficient credible evidence on the record as a whole. R. 2:11-3(e)(1)(D).
*244 Petitioners contend on their cross-appeal that they are entitled to post-judgment interest on their award and that the Commissioner was empowered to allow such interest.
In considering petitioners' contentions, we must address two entirely separate issues. The first is whether and under what circumstances interest is allowable against a public body and the second is whether, to the extent it is allowable, it may be awarded by the Commissioner in the absence of express statutory authority.
In considering the susceptibility of a public body to an award of interest against it, a distinction must first be drawn between pre-judgment interest and post-judgment interest. Where private litigants are involved, the allowance of pre-judgment interest in contract and contract-like actions, even where a claim is liquidated, is not a litigant's right but rests rather in the court's discretion, required to be exercised in accordance with equitable principles and considerations. See Bak-A-Lum Corp. v. Alcoa Building Prod., 69 N.J. 123, 131 (1976). Where the debtor is a governmental agency and interest in the cause is not provided for by statute, particular circumspection in the granting of pre-judgment interest is required and a showing of overriding and compelling equitable reasons must be made in order to justify the award. See Consolidated Police, etc., Pension Fund Commn. v. Passaic, 23 N.J. 645 (1957). See also City of East Orange v. Palmer et al., 52 N.J. 329 (1968); Fasolo v. Div. of Pensions, 190 N.J. Super. 573 (App.Div. 1983); Youth & Family Serv. Div. v. Middlesex Cty., 188 N.J. Super. 1 (App.Div. 1982); East Orange v. Bd. of Chosen Freeholders, Essex Cty., 89 N.J. Super. 493 (App.Div. 1965).
An adjudicated liability, however, obviously stands on a completely different footing from an unadjudicated claim of liability. Thus, in the case of private litigants, the grant of post-judgment interest is ordinarily not an equitable matter within the court's discretion but is, as a matter of long-standing *245 practice, routinely allowed. See, e.g., Erie Railway Co. v. Ackerson, 33 N.J.L. 33 (Sup.Ct. 1868); Simon v. N.J. Asphalt & Paving Co., 123 N.J.L. 232 (Sup.Ct. 1939). This practice has been codified by court rule. See R. 4:42-11(a), providing for post-judgment interest on all judgments, awards and orders for the payment of money "except as otherwise ordered by the court and except as otherwise may be provided by law." The rule, by its own terms, applies to all money judgments irrespective of the identity and status of the judgment debtor. Nor is there any general statute prohibiting post-judgment interest against public bodies. They are, as a matter of customary practice, subject to post-judgment interest unless the court for good cause otherwise orders. Thus, it is clear that in a contract or contract-like action the court may, in appropriate circumstances, award pre-judgment interest against a public body and will ordinarily award post-judgment interest against a public agency absent a showing of good cause to the contrary.
The question then is whether in awarding money damages to a petitioner, the Commissioner has the same power with respect to both pre-judgment interest and post-judgment interest as the court has in entering a money judgment. We conclude that although this power has not been expressly accorded to the Commissioner by statute, it is nevertheless an ancillary power which he must be deemed to have in order fully to execute his statutory responsibility to hear and determine all controversies and disputes arising out of the school laws. See N.J.S.A. 18A:6-9.
It is a well-settled principle of administrative law that the statutory powers accorded an agency "should be liberally construed to permit the agency to achieve the task assigned to it, and that such administrative agency has such implied incidental powers as may reasonably be adapted to that end." In re Suspension of Heller, 73 N.J. 292, 303 (1977), quoting In re Com'r of Bank. v. Parkwood Co., 98 N.J. Super. 263, 271-272 (App.Div. 1967). These incidental powers have been extended to *246 the fashioning of remedies, including the award of specific items of compensatory damages not expressly enumerated by statute. See Zahorian v. Russell Fitt Real Estate Agency, 62 N.J. 399 (1973); Jackson v. Concord Company, 54 N.J. 113 (1969). Applying this principle here, we are satisfied that N.J.S.A. 18A:16-9 vests jurisdiction in the Commissioner to award post-judgment interest as incidental to his power to fix money judgments.
The Supreme Court has repeatedly "reaffirmed the great breadth of the Commissioner's powers," recognizing that he has "fundamental and indispensable jurisdiction over all disputes and controversies arising under the school laws. N.J.S.A. 18A:6-9." Hinfey v. Matawan Regional Board of Education, 77 N.J. 514, 525 (1978). His jurisdiction over school litigation encompasses questions regarding tenure rights, N.J.S.A. 18A:28-5, and allows him to fix dollar amounts due for retroactive benefits when a question of the accrual of tenure rights is resolved in a teacher's favor. See Spiewak v. Rutherford Bd. of Ed., 90 N.J. 63, 84 (1982); N.J.S.A. 18A:6-10. In our view, interest on a money award which the Commissioner is authorized to grant is an essential and integral part of the award itself since the purpose of the fixed-sum award is to make petitioner whole. Pre-judgment interest is in contemplation of law "damages" for the illegal detention of a legitimate claim or indebtedness. See Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 506 (1974). It therefore serves to "indemnify the claimant for the loss of what the monies due him would presumably have earned if payment had not been delayed." Busik v. Levine, 63 N.J. 351, 358 (1973), app. dism. 414 U.S. 1106, 94 S.Ct. 831, 38 L.Ed.2d 733 (1973); Fasolo v. Div. of Pensions, supra, 190 N.J.Super: at 584. Post-judgment interest is based on the same rationale, enhanced, however, by the dimension of an adjudication of improper withholding. As a result of the adjudication, the debtor's obligation to pay is derived not only from the parties' transactional relationship but from the legal process itself.
*247 As we understand the thrust of the board's argument, it does not primarily urge that it is immune from an interest award but rather that such an award, even in respect of a Commissioner's money order, must be made by a court. It relies for this proposition on Fallon v. Scotch Plains-Fanwood Bd. of Ed., 185 N.J. Super. 142 (Law Div. 1982). There plaintiffs had instituted an action in lieu of prerogative writs to obtain interest from the local board of education on sums which they had expended for transportation and tuition costs for their neurologically impaired child. Plaintiffs had successfully petitioned the Commissioner of Education for this compensatory relief and the Commissioner, classifying plaintiffs' child as neurologically impaired, had ordered defendant to reimburse plaintiffs for these sums. Defendant resisted plaintiffs' claim for interest, asserting that they had failed to exhaust their administrative remedies by not having requested that award from the Commissioner. The trial court rejected defendant's argument, holding that "... plaintiffs' entitlement to interest and costs involve the interpretation of legal questions and the exercise of judicial discretion. The Commissioner of Education is not clothed with the authority to determine plaintiffs' claim presented herein." Id., 185 N.J. Super. at 148.
We overrule this holding of Fallon. In our view, an award of interest, whether pre-judgment or post-judgment, is more appropriately made by the Commissioner as part of his determination of the cause than by a court which could do so only by undertaking a complete review of the entire record of the case. The Fallon holding encourages piecemeal litigation and results in a wholly unjustifiable waste of the resources of both the litigants and the court system. It is clearly more sensible and more economical for the Commissioner to make the determination in the first instance. A party dissatisfied with that determination would have, of course, the same right to seek review thereof as he has with respect to any other administrative *248 determination.[2] We are therefore persuaded that the Commissioner not only has the incidental power to award interest but, furthermore, that the interest of the judicial and administrative process as well of the litigants, would be advanced by his exercise thereof rather than deferring the question to a court for separate adjudication. In considering whether or not to allow interest, and, if so, how much, the Commissioner should, of course, be guided by the same principles respecting the award of pre-judgment interest and post-judgment interest which controls the judicial exercise of this power.[3]
Applying these principles to this case, we are first satisfied that we need not consider the issue of pre-judgment interest at all in view of petitioners' stipulation that they were limiting their request to post-judgment interest for the two years immediately preceding the conclusion of these proceedings. We are constrained nevertheless to comment on the question of when post-judgment interest would otherwise have started to run in view of the Commissioner's 1977 final order which did not fix the precise amount of money to which petitioners were entitled. As we have noted, this court had previously held that that order was a final determination. Nevertheless, we are of the view that post-judgment interest cannot start to run until the precise amount of money damages is fixed. Under all of the circumstances of this case, we regard the money damages to have been fixed on September 8, 1978, when the board conceded the amount of its obligation or, as to petitioner Sasloe, on April 30, 1979, when the board corrected its calculation of the amount due her. This method of fixing *249 the date upon which post-judgment interest would have begun to run is analogous to the procedure followed by the Civil Service Commission where the Commission enters the final order of liability but directs the parties to submit affidavits to resolve the amount of back pay due. N.J.A.C. 4:1-5.5(g)(h).
Ordinarily, we would remand this matter to the Commissioner for his determination as to whether or not post-judgment interest, the only matter here in question, should be awarded. We do not do so, however, because he has already clearly stated his view that in the circumstances of this case petitioners are entitled to that award. We leave to the Commissioner's discretion, however, the question of the rate of interest to be allowed.[4]
The order of the State Board of Education is modified with respect to the interest issue only, and we remand to the Commissioner of Education for further proceedings consistent with this opinion. In all other respects, the order appealed from is affirmed. We do not retain jurisdiction.
NOTES
[1] The petitioners stipulated as part of the pretrial order in this proceeding that "[t]he petitioners lay claim to simple interest on the principal for a period of two years at 12 per cent as of the date of the Commissioner's final decision in this matter." The administrative law judge therefore limited the interest award to two years at 12%.
[2] Note, however, that where an agency, in exercising its quasi-judicial function, denies interest on an award which it itself is obliged to pay, this court's review would be de novo. See Fasolo v. Div. of Pensions, supra, 190 N.J. Super. 573.
[3] In awarding post-judgment interest, we caution that ordinarily a public body should be accorded a reasonable time under the circumstances to make payment of the judgment before post-judgment interest begins to run.
[4] The rates fixed by R. 4:42-11(a) are not necessarily applicable to judgments and orders entered by non-judicial agencies. See also Fasolo v. Div. of Pensions, supra, 190 N.J. Super. 573.