765 A.2d 760 (2001)
336 N.J. Super. 532
NEW JERSEY DEPARTMENT OF LABOR, Petitioner-Respondent, and
Teamsters Local 125 and 185 Individual Claimants, Intervenors-Respondents,
v.
PEPSI-COLA COMPANY, Respondent-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued October 12, 2000.
Decided January 17, 2001.
*761 Wayne J. Positan, Roseland, argued the cause for appellant (Lum, Danzis, Drasco, Positan & Kleinberg and Kilpatrick Stockton, attorneys; Mr. Positan, of counsel; Richard A. West, Jr., on the brief).
Karen A. Du Mars, Deputy Attorney General, argued the cause for respondent New Jersey Department of Labor (John J. Farmer, Jr., Attorney General of New Jersey, attorney; Nancy Kaplen, Assistant Attorney General, of counsel; Ms. Du Mars, on the brief).
James L. Linsey, New York City, argued the cause for respondent Teamsters Local 125 and 185 Individual Claimants (Cohen, Weiss and Simon, attorneys; Mr. Linsey, on the brief).
Before Judges KING and AXELRAD.[1]
The opinion of the court was delivered by KING, P.J.A.D.
This appeal implicates the power of the Commissioner of Labor to award prejudgment interest as an element of damages in a wage-and-hour dispute over payment of overtime. We conclude that the Commissioner has this power and affirm.

I
The matter arises out of an enforcement action by the New Jersey Department of Labor (DOL) for payment of overtime wages. Pepsi-Cola Corporation appeals the Commissioner's order that it must pay prejudgment interest on the owed back wages.
On November 30, 1995 the DOL notified Pepsi that it was in violation of N.J.S.A. 34:11-56a4 (minimum and overtime rate exceptions) and N.J.S.A. 34:11-4.2 (time, mode of payment and paydays) for failure to pay overtime to "fountain drivers." These fountain drivers deliver syrup and other bulk products used in dispensing machines, in contrast to products in cans and bottles. The DOL assessed Pepsi $1,885,098.68 in back wages, a $2,000 penalty and $188,509.87 in administrative fees. The notice of violation told Pepsi it could appeal within fifteen days.
In December 1995 Pepsi requested a hearing before the Office of Administrative Law. On August 19, 1996 the Administrative Law Judge permitted Teamsters Locals 125 and 185 (Teamsters) representing Pepsi's drivers to intervene. N.J.A.C. 1:1-16.1. On October 15, 1996 the ALJ issued a prehearing order which limited the hearing to the determination of liability to about twelve driversthe "test claimants." The order provided
that upon the making of a determination with respect to the liability for overtime as to the approximately 12 individual claimants, all counsel shall be given an *762 opportunity to seek an order or the determination that the decision(s) with respect to the 12 individual claimants shall apply to all of the remaining claimants.
On February 24, 1998 Pepsi conceded that three fountain drivers James Waggner ($1,797.70), Antonio Petillo ($7,082.26), and Ralph Cash ($1,088.48) were entitled to overtime compensation and not exempt as "outside sales persons" under N.J.A.C. 12:56-7.4. On November 18, 1998 the Teamsters moved for partial final judgment and sanctions and requested back wages and prejudgment interest on those wages for the three men. On March 16, 1998 the ALJ awarded the three drivers back wages but declined to award prejudgment interest, citing an absence of legal authority.
On April 14, 1999 Commissioner Gelade of the DOL issued a final agency decision affirming the ALJ's award of back wages but reversing the decision on prejudgment interest. The Commissioner found that as a matter of equity he had the discretion to make the award of prejudgment interest, particularly because of the delay in paying back wages for six years. We granted a stay of the DOL's order pending this appeal.

II
Pepsi first asserts that the DOL violated its due process rights by failing to inform it of the possible imposition of prejudgment interest. We disagree. We conclude that Pepsi had adequate notice and the ability to participate in the adjudicative process at the administrative level and in this court.
Notice is defined by the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article 1, Paragraph 1 of the New Jersey State Constitution.
Due process is a flexible concept that calls for such procedural protections as fairness demands.... The essential components of due process are notice and an opportunity to be heard.... Thus, a party's due process rights are not violated if it is held liable for a judgment arising out of an action in which it participated or had the opportunity to be heard....
[Mettinger v. Globe Slicing Mach. Co., 153 N.J. 371, 389, 709 A.2d 779 (1998) (citations omitted).]
The Teamsters provided notice of this claim for prejudgment interest in their notice of motion for partial final judgment on November 18, 1998 demanding "interest calculated at the statutory rate." Pepsi prevailed on the point before the ALJ but lost on it before the Commissioner. The written submissions by each party to the Commissioner and the agency specifically argued the prejudgment interest point. And, Pepsi has had a full argument on this point before us. We find no merit to the due process claim and certainly no error "capable of producing an unjust result." R. 2:10-2.

III
Next, Pepsi asserts that the Commissioner did not have the statutory authority to impose prejudgment interest. In the alternative Pepsi argues that if the Commissioner did have such authority, he should have proceeded by formal rule-making, pursuant to the Administrative Procedure Act, N.J.S.A. 52:14B-1 to -24 (APA), not by adjudication. Again, we disagree.
The Commissioner articulated his award of prejudgment interest this way:
However, with regard to the issue of the legal propriety of including within the back pay awards interest calculated at the statutory rate, I note that respondent's failure to pay appropriate overtime wages to the intervenors for approximately six years mandates an equitable response. I concur with counsel for the intervenors that it would be unfair to permit respondent to, in essence, reap a financial reward for its *763 failure to meet its statutory obligations to its workers. Furthermore, I note that an award of payment of interest at the statutory rate has not hitherto been addressed by a State court. Nevertheless, federal case law indicates that a court, within the context of federal labor law, may award such interest where damages from a breach of contract are precisely ascertainable. See, e.g., Glass, Molders, Pottery, Plastics and Allied Workers International Union v. Owens-Illinois, Inc., 758 F.Supp. 962, 975 (D.N.J.1991), aff'd w/o op., 941 F.2d 1201 (3d Cir.1991); Gulf & Western Manufacturing Co. v. United Steelworkers of America, District No. 9, 694 F.Supp. 38, 46 (D.N.J.1988), aff'd, 860 F.2d 1074 (3d Cir.1988). It is my belief that respondent's failure to pay overtime wages to its workers constitutes a breach of law and of trust with its employees. The latter have been deprived both of the individual amounts owed to each and to the value of the wages at the time at which they specifically accrued. The wage laws of this State are designed to insure equity to workers and not unjust enrichment to an errant employer. Therefore, it is only just that respondent pay interest on the back wages owed to all of the fountain drivers herein involved.
Although dicta, what we said in Board of Educ., City of Newark, Essex Cty. v. Levitt, 197 N.J.Super. 239, 484 A.2d 723 (App. Div.1984), respecting a prejudgment interest award by the Commissioner of Education in a tenure dispute bears repetition here, especially in the context of a working-person's wages:
In our view, interest on a money award which the Commissioner is authorized to grant is an essential and integral part of the award itself since the purpose of the fixed-sum award is to make petitioner whole. Pre-judgment interest is in contemplation of law "damages" for the illegal detention of a legitimate claim or indebtedness. See Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 506, 323 A.2d 495 (1974). It therefore serves to "indemnify the claimant for the loss of what the monies due him would presumably have earned if payment had not been delayed." Busik v. Levine, 63 N.J. 351, 358, 307 A.2d 571 (1973), app. dism. 414 U.S. 1106, 94 S.Ct. 831, 38 L.Ed.2d 733 (1973); Fasolo v. Div. of Pensions, supra, 190 N.J.Super. at 584, 464 A.2d 1180. Post-judgment interest is based on the same rationale, enhanced, however, by the dimension of an adjudication of improper withholding. As a result of the adjudication, the debtor's obligation to pay is derived not only from the parties' transactional relationship but from the legal process itself.
[Id. at 246, 484 A.2d 723.]

* * * *
In our view, an award of interest, whether pre-judgment or post-judgment, is more appropriately made by the Commissioner as part of his determination of the cause than by a court which could do so only by undertaking a complete review of the entire record of the case. The Fallon [v. Scotch Plains-Fanwood Bd. of Ed., 185 N.J.Super. 142, 447 A.2d 607 (Law Div.1982) ] holding encourages piecemeal litigation and results in a wholly unjustifiable waste of the resources of both the litigants and the court system. It is clearly more sensible and more economical for the Commissioner to make the determination in the first instance. A party dissatisfied with that determination would have, of course, the same right to seek review thereof as he has with respect to any other administrative determination. We are therefore persuaded that the Commissioner not only has the incidental power to award interest but, furthermore, that the interest of the judicial and administrative process as well of the litigants, would be advanced by his exercise thereof rather than deferring the question to a court for separate adjudication. *764 In considering whether or not to allow interest, and, if so, how much, the Commissioner should, of course, be guided by the same principles respecting the award of pre-judgment interest and post-judgment interest which controls the judicial exercise of this power.
[Id. at 247-48, 484 A.2d 723.]
The State of New Jersey has established a minimum wage level to "safeguard [workers'] health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition...." N.J.S.A. 34:11-56a. To this end, this State requires that "[e]very employer shall pay to each of his employees wages ... for 40 hours of working time in any week and 1½ times such employee's regular hourly wage for each hour of working time in excess of 40 hours in any week...." N.J.S.A. 34:11-56a4. (The statute has numerous exceptions which are not germane to the present case.) We recognize N.J.S.A. 34:11-56a to 56a-30 (the Wage and Hour Law) as "humanitarian and remedial" legislation which we will construe generously to fulfill the Legislature's intent. Yellow Cab Co. of Camden v. State, 126 N.J.Super. 81, 86, 312 A.2d 870 (App.Div.1973), certif. denied, 64 N.J. 498, 317 A.2d 711 (1974).
The statutory powers granted to an agency are accorded liberal construction to enable the agency to fulfill its assigned task. In re Suspension of Heller, 73 N.J. 292, 303, 374 A.2d 1191 (1977) (quoting In re Parkwood Co., 98 N.J.Super. 263, 271-72, 237 A.2d 265 (App.Div.1967)). In Board of Ed. City of Newark, Essex Cty. v. Levitt, 197 N.J.Super. at 245, 484 A.2d 723, we stated that the Commissioner of Education could fashion remedies, including ordering prejudgment interest on a teacher's back-wages in a tenure dispute, although not specifically so authorized by statute. Our dictum in Levitt was predicated on the finding that the Commissioner was endowed with the ancillary power to impose such liability in order to fully execute his statutory responsibilities under the school laws. Ibid.
In this case, the Commissioner of the DOL should, as well, be able to impose prejudgment interest because he is specifically charged with the recovery and payment of wages due to an employee in New Jersey. N.J.S.A. 34:11-56a23. Prejudgment interest is an equitable remedy created to recover the loss of what the money owed would have earned if the payment had not been delayed. Preston v. Claridge Hotel & Casino, Ltd., 231 N.J.Super. 81, 90, 555 A.2d 12 (App.Div.1989). If an employee sues individually, Preston allows the employee to receive prejudgment interest on lost earnings in certain situations. Id. at 88-90, 555 A.2d 12. The wages must be in a sum certain: whether they are liquidated or unliquidated damages is "of little importance `where the question interfering with disposition of the claim is not the inability of the parties to agree upon the value of the claim but rather an argument as to coverage.'" Id. at 90, 555 A.2d 12 (quoting Ellmex Constr. Co. v. Republic Ins. Co., 202 N.J.Super. 195, 213, 494 A.2d 339 (App. Div.1985)).
In this case, the dispute is over whether a particular class of employee was entitled to overtime pay. The amount of that pay was never disputed. The processing of the case has delayed payment of overtime wages since the inception of this dispute six year ago. The unpaid wages have increased in value over this time. If only the face value of these wages is paid to the employees, Pepsi will benefit from its deferral of wages to the detriment of the employees. The Commissioner is hampered in his ability to order fair back-wages paid if he may only reimburse the face value of the debt and not the actual monetary value as reflected by the time-value, in prejudgment interest. See Busik v. Levine, 63 N.J. 351, 358-89, 307 A.2d 571 (1973). We thus recognize the Commissioner's "ancillary power" to impose prejudgment interest as a matter of equity, fairness and simple justice.
*765 Pepsi also asserts that the Commissioner's prejudgment interest award constituted ad hoc rule-making, under the APA, and cannot be imposed in this case. The APA requires that prior to the adoption of a rule the administrative agency must provide notice of its intended action and an opportunity for interested parties to submit their views. N.J.S.A. 52:14B-4. A decision is considered a rule if an agency's determination,
(1) is intended to have wide coverage encompassing a large segment of the regulated or general public, rather than an individual or narrow select group; (2) is intended to be applied generally and uniformly to all similarly situated persons; (3) is designed to operate only in future cases, that is prospectively; (4) prescribes a legal standard of directive that is not otherwise expressly provided by or clearly and obviously inferable from the enabling statutory authorization; (5) reflects an administrative policy that (i) was not previously expressed in any official and explicit agency determination, adjudication or rule, or (ii) constitutes a material and significant change from a clear, past agency position on the identical subject matter; and (6) reflects a decision on administrative regulatory policy in the nature of the interpretation of law or general policy.
[Metromedia, Inc. v. Director, Div. of Taxation, 97 N.J. 313, 331-32, 478 A.2d 742 (1984).]
We conclude that the Commissioner has the power to impose prejudgment interest in an appropriate case without rule-making. He is charged with the public duty to recover and pay employee's wages when over due. As noted, prejudgment interest is an equitable remedy imposed to recover the loss of the present value of money retained by the employer over an extensive period of time. Preston v. Claridge Hotel & Casino, Ltd., 231 N.J.Super. at 90, 555 A.2d 12.
The rule-making criteria of Metromedia does not necessarily preclude the Commissioner's undertaking here to mold an appropriate damage remedy in the particular circumstance, especially because of the six-year wait by the wage-earners. Of course, if the DOL plans to follow this practice routinely and not in the exceptional case, the rule-making power best be invoked.
Affirmed.
NOTES
[1] Judge Kleiner did not participate in this opinion.