784 A.2d 64

NEW JERSEY DEPARTMENT OF LABOR, PETITIONER–RESPON-DENT, AND TEAMSTERS LOCAL 125 AND 185 INDIVIDUAL CLAIMANTS, INTERVENORS–RESPONDENTS, v. PEPSI-COLA COMPANY, RESPONDENT–APPELLANT.

Argued October 10, 2001—Decided November 14, 2001.

*Wayne J. Positan*, argued the cause for appellant (*Lum, Danzis, Drasco, Positan & Kleinberg*, attorneys; *Mr. Positan* and *Richard A. West, Jr.*, on the briefs).

*Karen A. Du Mars*, Deputy Attorney General, argued the cause for respondent New Jersey Department of Labor (*John J. Farmer, Jr.*, Attorney General of New Jersey, attorney; *Nancy Kaplen*, Assistant Attorney General, of counsel).

*James L. Linsey*, argued the cause for respondents Teamsters Local 125 and 185 Individual Claimants (*Cohen, Weiss and Simon*, attorneys).

PER CURIAM.

We affirm the judgment of the Appellate Division allowing the Commissioner of Labor to award prejudgment interest against Pepsi–Cola Company in order to make whole the claimants who were underpaid for overtime hours worked. We do so substantially for the reasons stated in the thorough and thoughtful opinion of Judge King. *New Jersey Dep't of Labor v. Pepsi–Cola*, 336 *N.J.Super.* 532, 765 *A.*2d 760 (App.Div.2001).

We reaffirm, however, that the right of the Commissioner to award prejudgment interest can arise only from his express and implied powers granted by the Legislature in enabling legislation, and not from any non-statutory ability to exercise equitable powers. Administrative agencies, including administrative officers, are creatures of legislation. *In re Regulation F–22, Office of Milk Indus.*, 32 *N.J.* 258, 261–62, 160 *A.*2d 627 (1960). Their powers are limited to those expressly granted by statute or those fairly implied as necessary to carry out their assigned function. *Ibid; Cammarata v. Essex County Park Comm'n*, 26 *N.J.* 404, 411, 140 *A.*2d 397 (1958) ("The grant of an express power is always attended by the incidental authority fairly and reasonably necessary or appropriate to make it effective.... Authority delegated to an administrative agency should be construed so as to permit the fullest accomplishment of the legislative intent." (citations omitted)). However, inherent or implied power is not boundless. *Playmates Toys, Inc. v. Director, Div. of Taxation*, 162 *N.J.* 186, 187, 742 *A.*2d 968 (1999).

In this case, the Commissioner's award of prejudgment interest is fully supported by the statutes that set forth the Commissioner's powers and responsibilities under the Wage and Hour Law, *N.J.S.A.* 34:11–4.1 to –67. *N.J.S.A.* 34:11–56a23 and *N.J.S.A.* 34:11–16 vest enforcement powers in the Commissioner

for violations of the Wage and Hour Law. Significantly, the statute states:

> As an alternative to any other sanctions *or in addition thereto*, herein or otherwise provided by law for violation of this act or of any other rule or regulation duly issued hereunder, the Commissioner of Labor is authorized to supervise the payment of amounts due to employees under this act. . . .
>
> [*N.J.S.A.* 34:11–56a23 (emphasis added).]

■ The powers provided to the Commissioner under the statute comport with the purpose of the Wage and Hour Law: "[T]o safeguard [workers'] health, efficiency and general well-being and to protect them as well as their employers from the effects of serious and unfair competition. . . ." *N.J.S.A.* 34:11–56a. The broad language of the statute charges the Commissioner with recovering wages due to New Jersey employees and imbues him with sweeping supervisory authority to implement remedies of back pay to employees due their fair compensation. The remedial purpose of the Wage and Hour Law dictates that it should be given a liberal construction. *See Yellow Cab Co. v. State,* 126 *N.J.Super.* 81, 86, 312 *A.*2d 870 (App.Div.1973). We agree with the Appellate Division that the Commissioner acted within his statutory authority to carry out his duty to obtain proper compensation for the employees owed back pay for inadequately remunerated overtime hours worked. The Commissioner's award of prejudgment interest in this enforcement action was a proper exercise of his statutory powers necessary to the enforcement of the Wage and Hour Law.

■ The law does not always require the promulgation of a regulation when the Commissioner initially seeks to exercise a statutory express or implied power. Indeed, the first time the question whether an implied power exists often arises in the context of an adjudicatory action. *In re C.V.S. Pharmacy Wayne,* 116 *N.J.* 490, 503, 561 *A.*2d 1160 (1989). In those settings, we have not denied the administrative agency use of a power deemed necessary to the proper disposition of the case. To be sure, the principles of *Metromedia, Inc. v. Director, Division of Taxation* counsel that a regulation be promulgated to provide the public

with notice and opportunity to comment on future application of the regulatory authority. 97 *N.J.* 313, 328–30, 478 *A.*2d 742 (1984). In conformity therewith, the Commissioner recently promulgated a rule that specifies when he will impose prejudgment interest in future cases. *N.J.A.C.* 12:56–1.5. The Commissioner's compliance with *Metromedia's* precepts was entirely proper and, in no way undermines the soundness of the exercise of his implied power to award prejudgment interest in this case.

The judgment of the Appellate Division is affirmed.

*For affirmance*—Chief Justice PORITZ and Justices STEIN, COLEMAN, LONG, LaVECCHIA and ZAZZALI—6.

*Opposed*—None.