<b>NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION</b>

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4681-16T2

PIERS VAUGHAN,

     Plaintiff-Respondent,

v.

PAUL SIEGEL,

     Defendant-Appellant,

and

THE GLOBECON GROUP, LLC,

     Defendant.

_____

           Submitted December 12, 2018 – Decided December 24, 2018

           Before Judges Alvarez and Mawla.

           On appeal from Superior Court of New Jersey, Law Division, Hudson County, Docket No. DJ-048972-12.

           Paul E. Siegel, appellant pro se.

           Joseph A. Molinaro, attorney for respondent.

PER CURIAM

Defendant Paul Siegel appeals from a June 5, 2017 order, which vacated a judgment entered in favor of plaintiff Piers Vaughan, for unpaid wages totaling $24,430, with certain conditions. We reverse and order the judgment reinstated.

The following facts are taken from the record. Plaintiff was an executive employee for the Globecon Group, LLC (Globecon) from April 2005 to November 2009. Defendant was the Chief Executive Officer, Managing Director, Chairman, and an owner of Globecon.

On December 9, 2009, plaintiff filed a claim with the Department of Labor and Workforce Development (Department) for $24,430, representing thirteen weeks of unpaid wages. On December 18, 2009, the Department investigated Globecon and transmitted a letter to defendant and Globecon, stating they were in violation of N.J.S.A. 34:11-4.1, and that defendant was personally liable for plaintiff's wages as the employer.

A hearing was scheduled, but defendant's attorney adjourned it. A second hearing was scheduled for August 4, 2011, but neither defendant nor his counsel appeared. Plaintiff appeared and offered proof of his wage claim. As a result, the Department awarded plaintiff $24,430 in damages against Globecon and

defendant as its principal. On August 23, 2011, defendant requested a new hearing date, because he had been on a business trip and then on vacation. The Department rescheduled the hearing, and in its letter stated "[b]ecause of the amount of notice . . . grant[ed] [to] both parties, no adjournment will be granted [to] either party."

A re-hearing occurred on December 5, 2011. Again, plaintiff appeared and presented proofs, but defendant did not appear. As a result, the Department reinstated the judgment against defendant on December 8, 2011.

Plaintiff located a bank account belonging to defendant and sought to collect the judgment. The court entered an order on October 14, 2016, for the turnover of funds from defendant's account. On October 28, 2016, defendant filed a motion in the Law Division seeking to vacate the judgment and the turnover order. However, the motion was denied without prejudice due to procedural deficiencies.

On April 6, 2017, defendant sought the same relief, this time by filing an order to show cause. He claimed the judgment lien was impeding his efforts to short sell his property and avoid a foreclosure. Plaintiff consented to releasing the lien on the property.

Defendant also claimed the judgment should be vacated because of insufficient service of process. Specifically, he alleged the summons and complaint regarding the wage proceedings were improperly served on a student intern at the business, and not on defendant personally or another officer of Globecon. Thus, defendant argued the Department lacked personal jurisdiction and violated due process.

On June 5, 2017, the motion judge entered an order and concluded defendant was not afforded due process. Although the judge did not cite the rule under which the relief from the judgment was granted, he found:

> Pursuant to R[ule] 4:4-4, service on a corporation is only proper to an officer, director, trustee or managing general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation. The complaint was improperly served upon . . . a [twenty-two-]year-old student intern. The plaintiff or [the Department] has not provided proof of service upon [defendant], individually. Globecon and [defendant] were not properly served.

The motion judge vacated the judgment on the condition defendant post a bond of $24,430, pursuant to N.J.S.A. 34:11-63. This appeal followed.

I.

As a general proposition we defer to "factual findings supported by adequate, substantial, credible evidence." Ricci v. Ricci, 448 N.J. Super. 546,

A-4681-16T2

564 (App. Div. 2017) (internal quotations and citation omitted). However, we do "not accord the same deference to a trial judge's legal determinations. . . . Rather, all legal issues are reviewed de novo." Id. at 565 (citing Reese v. Weis, 430 N.J. Super. 552, 568 (App. Div. 2013)).

Generally, a court's determination under Rule 4:50-1 warrants substantial deference and should not be reversed unless it results in a clear abuse of discretion. Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994). An abuse of discretion occurs when a decision is "made without a rational explanation, inexplicably depart[s] from established policies, or rest[s] on an impermissible basis." U.S. Bank Nat'l Bank Ass'n v. Guillaume, 209 N.J. 449, 467-68 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007) (internal quotations omitted)).

On appeal, defendant claims: (1) because he was denied due process as a result of the improper service of process, and because the judge vacated the judgment, he should not have been required to post a bond; (2) the statute of limitations expired on plaintiff's wage-collection action; (3) plaintiff cannot

initiate an action for unpaid wages because he is an officer of Globecon; and (4) defendant challenges a post-appeal order denying his request for a stay.[1]

## II.

We glean from the motion judge's order that he vacated the judgment against defendant by relying on Rule 4:50-1. The rule provides various avenues for relief from a judgment, or order, and, in relevant part, reads:

> On motion, with briefs, and upon such terms as are just, the court may relieve a party . . . from a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; . . . (d) the judgment or order is void; . . . or (f) any other reason justifying relief from the operation of the judgment or order.
>
> [R. 4:50-1.]

"The rule is designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." Guillaume, 209 N.J. at 467 (citations and internal quotations omitted).

Although we can understand the judge's innate desire to assure defendant received due process, we are constrained to conclude his reliance on Rule 4:4-4

---

[1] We decline to address defendant's fourth argument because it falls outside the scope of the appeal.

to find service of process was improper, and thereby required relief from the judgment, was incorrect as a matter of law.  As we have previously stated,

> [t]he court rules expressly apply only to the Supreme Court, the Superior Court, the Tax Court, the surrogate's courts and the municipal courts. . . . Clearly, the Legislature may provide for service by administrative agencies in any manner that meets fundamental procedural due process, namely "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action."
>
> [Shannon v. Acad. Lines, Inc., 346 N.J. Super. 191, 196 (App. Div. 2001) (citing R. 1:1-1; quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).]

The process for filing a wage claim with the Department and serving summons upon a defendant is set forth in N.J.S.A. 34:11-59, which provides:

> Upon the filing of claim, the department shall issue a summons returnable between the hours of nine o'clock in the forenoon and three o'clock in the afternoon, both inclusive, which shall also specify a certain time and place for the appearance of the defendant, not less than five nor more than fifteen days from the date of such process, which summons shall be served at least five days before the time of appearance mentioned therein, by reading the same to the defendant and delivering to him a copy thereof if he shall be found and if not found by leaving a copy thereof in his house or with some other person of his family over the age of fourteen years.
>
> [N.J.S.A. 34:11-59.]

7

N.J.S.A. 34:11-60 states that service of process is to be made "either by a constable or a process server of the department."

Due process is accorded where a party receives adequate notice and is able to "participate in the adjudicative process at the administrative level and in [] court." Dep't of Labor v. Pepsi-Cola Co., 336 N.J. Super. 532, 536 (App. Div. 2001). "Notice is defined by the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article 1, Paragraph 1 of the New Jersey State Constitution." Ibid.

> Due process is a flexible concept that calls for such procedural protections as fairness demands. . . . The essential components of due process are notice and an opportunity to be heard. . . . Thus, a party's due process rights are not violated if it is held liable for a judgment arising out of an action in which it participated or had the opportunity to be heard.
>
> [Mettinger v. Globe Slicing Mach. Co., 153 N.J. 371, 389 (1998) (citations omitted).]

Here, we have little doubt defendant had adequate notice and participated in the adjudicative process. Plaintiff submitted a sworn certification by the wage collection referee who presided over the case at the administrative level. The certification explained the Department had issued a summons and complaint to defendant, individually and on behalf of Globecon, to answer plaintiff's claim.

8

The certification averred "[a]fter receiving this notice, an individual identifying himself as defendant's attorney called and requested an adjournment." Thus, defendant had notice of plaintiff's claim and had engaged counsel.

Furthermore, defendant participated in the proceedings before the Department. He sent a letter to the Department, dated December 9, 2009, explaining he could not produce the documents it requested in response to plaintiff's claim. Moreover, the record contains extensive case notes documenting communication by defendant regarding plaintiff's claim. Defendant communicated directly with the Department regarding adjournments due to his vacation and a business trip, and in response, the Department adjourned the hearings at defendant's request on more than one occasion. Therefore, defendant clearly had notice and opportunities to participate in the adjudicative proceedings and due process was not violated.

## III.

We next address defendant's argument the statute of limitations on plaintiff's claim has expired, and that plaintiff was not qualified to seek unpaid wages. We reject both contentions.

Defendant argues because plaintiff filed his complaint in December 2009, and the order vacating the judgment was entered in December 2015, the wage

claim exceeded the two-year statute of limitations, codified in N.J.S.A. 34:11-4.1. This is incorrect. A claim for additional wages is a breach of contract claim, which is subject to a six-year statute of limitations. Troise v. Extel Commc'ns, Inc., 345 N.J. Super. 231, 237 (App. Div. 2001); see also N.J.S.A. 2A:14–1. Moreover, the record reflects the complaint was filed one month after plaintiff ceased working for defendant. Thus, the claim was not brought outside of the statute of limitations.

Defendant asserts plaintiff could not pursue a wage claim because he was an officer of Globecon. He cites N.J.S.A. 34:11-4.1, and suggests plaintiff should also be considered an employer who "is as much liable for any claim against . . . as [Globecon] could be."

N.J.S.A. 34:11-4.1 sets forth certain definitional language under the Wage Payment Law and states:

As used in this act:

> a. "Employer" means any individual, partnership, association, joint stock company, trust, corporation, the administrator or executor of the estate of a deceased individual, or the receiver, trustee, or successor of any of the same, employing any person in this State.
>
> For the purposes of this act the officers of a corporation and any agents having the management of such corporation shall be deemed

to be the employers of the employees of the corporation.

b. "Employee" means any person suffered or permitted to work by an employer, except that independent contractors and subcontractors shall not be considered employees.

c. "Wages" means the direct monetary compensation for labor or services rendered by an employee, where the amount is determined on a time, task, piece, or commission basis excluding any form of supplementary incentives and bonuses which are calculated independently of regular wages and paid in addition thereto.

d. "Commissioner" means the Commissioner of Labor.

We do not read the definitional section of the statute as barring wage claims by an officer of a company. Moreover, the record amply supports the conclusion plaintiff was an employee who reported to defendant, who was an owner of Globecon, and that the employer was responsible for the satisfaction of unpaid wages.

The June 5, 2017 order is reversed, and the December 8, 2011 judgment against defendant in favor of plaintiff for unpaid wages is reinstated.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4681-16T2