697 A.2d 142

DEPARTMENT OF INSURANCE, STATE OF NEW JERSEY, PETITIONER–RESPONDENT, v. UNIVERSAL BROKERAGE CORPORATION AND CHRIS AXENTIOU, ITS ACTIVE OFFICER, RESPONDENTS–APPELLANTS.

Superior Court of New Jersey
Appellate Division

Submitted May 19, 1997—Decided June 10, 1997.

406

Before Judges KIMMELMAN and BILDER.

*Belsole and Kurnos*, attorneys for appellants (*Kevin Weinman*, on the brief).

*Peter Verniero*, Attorney General, attorney for respondent (*Mary C. Jacobson*, Assistant Attorney General, of counsel; *Josh Lichtblau*, Deputy Attorney General, on the brief).

*Mark F. Hughes, Jr.*, attorney for respondent/intervenor Greater New York Mutual Insurance Company (*Mark F. Hughes, III*, on the brief).

The opinion of the court was delivered by

KIMMELMAN, J.A.D.

This is an appeal by an insurance agency, Universal Brokerage Corporation, a licensed resident insurance producer organization, and its president and sole officer, Chris Axentiou, a licensed resident insurance producer, from a final administrative decision of the Commissioner of Insurance. The final decision revoked their licenses, ordered restitution, and imposed costs and penalties upon findings that appellants had violated the New Jersey Insurance Producer Licensing Act, *N.J.S.A.* 17:22A–1 to –25, and had misappropriated over one million dollars in insurance premiums from various insurance companies.

Appellants did not contest the determinations of liability for the misappropriation of insurance premiums collected from customers

and consented to the revocation of their licenses. The matter was then continued before an Administrative Law Judge (ALJ) as to restitution and the assessment of pre-judgment interest, penalties, and costs for investigation and prosecution.

The Commissioner adopted the ALJ's initial decision with modifications. A specific finding was made that the president of the corporate insurance agency, appellant Axentiou, had committed fraud by misappropriating funds which were entrusted to him in a fiduciary capacity. Restitution in the amount of $1,116,576.36, together with pre-judgment interest at the rates authorized by *R.* 4:42–11(a), was ordered to be paid to the defrauded insurance companies and costs of $20,179.82 were assessed. The Commissioner reserved the imposition of penalties pending the conclusion of criminal proceedings against Axentiou in order to avoid the issue of double jeopardy.

██ Appellants limit their appeal to so much of the restitution order as requires repayment of moneys to which appellants would have been entitled as commissions had they not misappropriated the premiums and to the award of interest on the restitution payments.

Appellants contend that the inclusion of the commission component of the misappropriated premiums was unlawful because the statute which authorizes restitution, *N.J.S.A.* 17:22A–17(b), refers to "moneys owed any person" and that the commission component of the misappropriated premiums represents moneys belonging to them and not "owed" to another. In support of this, they contend that restitution is penal in nature and therefore the statutory authorization must be strictly construed. Further, they contend the award of pre-judgment interest, with respect to the moneys representing commissions to which they would have been entitled had they not misappropriated the premiums, is excessive and fundamentally unfair.

Both the ALJ, in her initial decision, and the Commissioner, in her final decision, determined that appellants were not entitled to

claim commissions that would have been earned as a credit against the restitution ordered.

Insurance agents, sometimes called brokers or producers, are entitled to retain, as commission income, the agreed-upon percentage of insurance premiums collected according to the specific terms of their agreement with the insurance company issuing the policy. *See, e.g., Bohlinger v. Ward & Co.,* 34 *N.J.Super.* 583, 588, 113 *A.*2d 38 (App.Div.1955), *aff'd,* 20 *N.J.* 331, 120 *A.*2d 1 (1956). An agent appointed by an insurance company assumes the obligations of a fiduciary and is held to a high standard of conduct. *In re Commissioner of Banking & Ins. v. Parkwood Co.,* 98 *N.J.Super.* 263, 268, 237 *A.*2d 265 (App.Div. 1967). Premiums collected by the agent become a trust fund to be held and disbursed by the agent in a fiduciary capacity. *Bohlinger, supra,* 34 *N.J.Super.* at 588, 113 *A.*2d 38. An agent who fails to remit the collected premiums to the insurance company fraudulently converts such moneys and forfeits his/her right to compensation because the commissions are not considered as having been earned. *Commercial Ins. Co. of Newark v. Apgar,* 111 *N.J.Super.* 108, 123–24, 267 *A.*2d 559 (Law Div.1970).

Appellate courts have a limited role in reviewing the decisions of administrative agencies. We will not reverse an agency decision unless it is "arbitrary, capricious or unreasonable or is not supported by substantial credible evidence in the record as a whole." *Dennery v. Bd. of Educ.,* 131 *N.J.* 626, 641, 622 *A.*2d 858 (1993); *Barry v. Arrow Pontiac, Inc.,* 100 *N.J.* 57, 71, 494 *A.*2d 804 (1985). Moreover, decisions of administrative agencies carry with them a strong presumption of reasonableness particularly in the exercise of its statutorily-delegated responsibilities. *See Newark v. Natural Resource Council Dep't of Envtl. Protection,* 82 *N.J.* 530, 539, 414 *A.*2d 1304 (1980), *cert. denied,* 449 *U.S.* 983, 101 *S.Ct.* 400, 66 *L.Ed.*2d 245 (1980). We cannot substitute our judgment for that of the agency. *See In re Polk License Revocation,* 90 *N.J.* 550, 578, 449 *A.*2d 7 (1982). The burden of showing the agency's action was arbitrary, unreasonable, or capri-

cious rests upon the appellant. *See Barone v. Dep't of Human Servs., Div. of Med. Assistance and Health Servs.*, 210 *N.J.Super.* 276, 285, 509 *A.*2d 786 (App.Div.1986), *aff'd,* 107 *N.J.* 355, 526 *A.*2d 1055 (1987). If we find sufficient credible, competent evidence in the record to support the agency's conclusion, then we will uphold the agency's findings. *See Clowes v. Terminix Int'l, Inc.*, 109 *N.J.* 575, 587, 538 *A.*2d 794 (1988); *Goodman v. London Metals Exch., Inc.*, 86 *N.J.* 19, 28–29, 429 *A.*2d 341 (1981).

Based upon our thorough review of the record, we do find sufficient credible, competent evidence to support the agency's determination. The award of pre-judgment interest by the Commissioner was proper. The Commissioner has the same power as does a court in providing for interest on an order for the payment of money. *R.* 4:42–11(a). *See Board of Educ. City of Newark v. Levitt*, 197 *N.J.Super.* 239, 245, 484 *A.*2d 723 (App.Div.1984).

The decision of the Commissioner is affirmed substantially for the reasons expressed in her final decision entered June 7, 1996.