**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0119-19T3

IN THE MATTER OF
PROCEEDINGS BY THE
COMMISSIONER OF
BANKING AND INSURANCE,
TO FINE, SUSPEND, AND/OR
REVOKE THE INSURANCE
PRODUCER LICENSE OF
HANY SHEHATA D/B/A
MHM INSURANCE AGENCY
REFERENCE NO. 9939802.

_____

Submitted November 9, 2020 – Decided   December 21, 2020

Before Judges Hoffman and Suter.

On appeal from the New Jersey Department of Banking and Insurance.

Miller, Meyerson & Corbo, attorneys for appellant Hany Shehata (Gerald D. Miller and Nirmalan Nagulendran, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent Department of Banking and Insurance (Melissa H. Raksa, Assistant Attorney General, of counsel; Nicholas Kant, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Hany Shehata appeals the August 25, 2019 final order of the Commissioner of the Department of Banking and Insurance (Commissioner) that revoked his insurance producer license and imposed an aggregate civil penalty of $25,000 plus costs. In his initial brief, appellant challenges — as excessive — the amount of the civil penalties imposed by the Commissioner. In his reply brief, appellant also challenges the revocation. We affirm the Commissioner's final decision revoking appellant's insurance producer license. We vacate the civil penalties and remand that issue to the Commissioner for further proceedings consistent with this opinion. We do not retain jurisdiction.

I

In 2014, appellant was licensed as an insurance producer under the Insurance Producer Act (the Act), N.J.S.A. 17:22A-26 to -48, and operated under the trade name MHM Insurance Agency. L.C.[1] purchased a home improvement insurance policy through appellant. The policy was issued by Tapco Underwriters. Tapco cancelled the policy on March 15, 2014, refunding $809.37 in premium to appellant for L.C. Appellant placed the premium in his

---

[1] We use the abbreviation as it appeared in the final order.

personal bank account, rather than in a trust account as required by N.J.A.C. 11:17C-2.3. He did not advise L.C. about the cancellation or the refund.

L.C. filed a complaint with the Department of Banking and Insurance (DOBI) when L.C. became aware of the cancellation and refund. A DOBI investigator contacted appellant on March 25, 2015, advised him about the complaint and asked for an explanation. On April 5, 2015, appellant paid L.C. $809, issuing this check from his personal bank account.

The DOBI issued administrative order to show cause E18-52 on May 25, 2018. In it, DOBI alleged appellant failed to advise L.C. about the cancellation of the insurance policy (count one), N.J.S.A. 17:22A-40(a)(8); failed to refund premium within five days (count two), N.J.S.A. 17:22A-40(a)(2), (4), (8) and N.J.A.C. 11:17C-2.2; and failed to maintain a trust account (count three), N.J.A.C. 11:17C-2.3. Appellant's attorney corresponded with DOBI's attorney on February 21, 2019. In his letter, the attorney represented that appellant "mistakenly deposited the client's check to his account. It was not until receiving the March 25, 2015 letter from the investigator that he learned about the mistaken deposit and within [ten] days of that date [appellant] issued the refund check." Counsel exchanged further emails. The DOBI twice extended

the deadline for appellant to file a response to the administrative order to show cause and ask for a hearing, but appellant did not take any action.

The Commissioner issued a final order on August 25, 2019. The Commissioner found that appellant was given notice of the charges and an opportunity to contest them. He failed to respond to the charges which constituted a waiver of his right to a hearing. Pursuant to N.J.A.C 11:17D-2.1(b)(1), the Commissioner found the charges were admitted because of a lack of response. The Commissioner ordered revocation of appellant's producer license and imposed civil penalties as authorized by N.J.S.A. 17:22A-45(c). These included $5000 for count one and $10,000 each for counts two and three. The order also assessed $487.50 in costs for DOBI's investigation and prosecution of the case as authorized by N.J.S.A. 17:22A-45(c) and N.J.A.C. 11:1-32.4(b)(20). The order required payment in ten days.

Appellant appeals the final order arguing the fines and penalties imposed against appellant are excessive and contending the Commissioner failed to assess the factors set forth in Kimmelman v. Henkels & McCoy, Inc., 108 N.J.123 (1987). He argues the civil penalties imposed violate the Excessive Fines Clause of the United States Constitution's Eighth Amendment.

A-0119-19T3

II

Our review of an administrative agency's final decision is limited. Kadonsky v. Lee, 452 N.J. Super. 198, 201-02 (App. Div. 2017). "We will not reverse an agency's judgment unless we find the decision to be 'arbitrary, capricious, or unreasonable, or [ ] not supported by substantial credible evidence in the record as a whole.'" Id. at 202 (alteration in original) (quoting In re Stallworth, 208 N.J. 182, 194 (2011)). We "'defer to the specialized or technical expertise of the agency charged with administration of a regulatory system.'" K.K. v. Div. of Med. Assistance & Health Servs., 453 N.J. Super. 157, 160 (App. Div. 2018) (quoting In re Virtua-West Jersey Hosp., 194 N.J. 413, 422 (2008)).

The business of insurance is "properly subject to comprehensive regulation in protecting the public welfare" because it is affected with a strong public interest. Sheeran v. Nationwide Mut. Ins. Co., 80 N.J. 548, 559 (1979). The insurance producers conducting this business are fiduciaries who are held to a high standard. In re Comm'r of Banking & Ins. v. Parkwood Co., 98 N.J. Super. 263, 268 (App. Div. 1967). "Premiums collected by the agent become a trust fund to be held and disbursed by the agent in a fiduciary capacity." Dep't of Ins. v. Universal Brokerage Corp., 303 N.J. Super. 405, 409 (App. Div. 1997) (citing Bohlinger v. Ward & Co., 34 N.J. Super. 583, 588 (App. Div. 1955)

A-0119-19T3

(providing an agent is a fiduciary regarding the collection and refund of premiums)). "Close and continuous scrutiny of the licensee's exercise of his license and the establishment of standards and guidelines are necessary to maintain [a] high standard of conduct and . . . fidelity . . . ." Parkwood, 98 N.J. Super. at 268. The legislature has conferred this authority on the Commissioner.

The Act authorizes the Commissioner to "place on probation, suspend, revoke or refuse to issue or renew an insurance producer's license. . . for any one or more" of nineteen enumerated "causes." N.J.S.A. 17:22A-40(a)(1) to (19). The Commissioner also can impose civil penalties consistent with the Act under N.J.S.A. 17:22A-45(c). Causes for action include:

> (2) Violating any insurance laws, or violating any regulation, subpoena or order of the commissioner or of another state's insurance regulator;
>
>   . . . .
>
> (4) Improperly withholding, misappropriating or converting any monies or properties received in the course of doing insurance business;
>
>   . . . .
>
> (8) Using fraudulent, coercive or dishonest practices, or demonstrating incompetence, untrustworthiness or financial irresponsibility in the conduct of insurance business in this State or elsewhere. . . .
>
> [N.J.S.A. 17:22A-40(a)(2), (4), (8).]

The Commissioner is authorized to promulgate regulations to "effectuate the purposes of [the] [A]ct." N.J.S.A. 17:22A-48. Under applicable regulations, an insurance producer is required to return refunded premiums within five business days. N.J.A.C. 11:17C-2.2(b). As a fiduciary, a producer is required to maintain a trust account. N.J.A.C. 11:17C-2.3. An insurance producer is not to misappropriate funds or convert funds to his own use. N.J.A.C. 11:17C-2.1(a).

A producer subject to suspension or revocation receives written notice of the reasons and may request an administrative hearing within twenty days from service. N.J.A.C. 11:17D-2.1(d)(1). If the producer does not respond within the time allotted, the failure "shall be deemed to be an admission to all of the allegations, charges and conclusions contained in the notice, and no further proceeding shall be required prior to the execution of a final order . . . ." N.J.A.C. 11:17D-2.1(b)(1).

In this case, the Commissioner found appellant was served with the administrative order to show cause that set forth three separate violations of the Act or its regulations. Appellant did not respond to the charges or request a hearing. His attorney submitted a short letter to the DOBI explaining that appellant mistakenly deposited the return premium in his own account and

7

refunded it a year later when the issue was called to his attention by DOBI. However, the attorney's letter is not evidence and there remains no certification from appellant responding to the underlying charges. See Pressler & Verniero, Current N.J. Court Rules, cmt. on R. 1:6–6 (2020) ("Affidavits by attorneys of facts not based on their personal knowledge but related to them by and within the primary knowledge of their clients constitute objectionable hearsay." (citations omitted)). Thus, there was no evidence before the Commissioner that appellant had a defense to the charges or that his conduct demonstrated mitigating circumstances.

There was no dispute that L.C.'s policy was cancelled in 2014, that premiums were refunded to appellant and that appellant did not return the amount of the refunded premium until a year later. The refund was made from his personal account, not a trust account. Appellant did not advise L.C. that the policy was cancelled, or the premium refunded. This conduct violated the regulations. The Commissioner found the charges were admitted.

On this record, the Commissioner's order revoking appellant's producer license was not arbitrary, capricious or unreasonable. The appropriate test for reversal of a license revocation is "whether such punishment is so disproportionate to the offense, in light of all the circumstances, as to be

8

shocking to one's sense of fairness." In re License Issued to Zahl, 186 N.J. 341, 354 (2006) (quoting In re Polk, 90 N.J. 550, 578 (1982)). The Act and regulations permit license revocation for "violating any insurance laws . . . or regulation[s]," "[i]mproperly withholding, misappropriating or converting any monies," "[u]sing fraudulent, coercive or dishonest practices, or demonstrating incompetence, untrustworthiness or financial irresponsibility" in the course of the producer's business. N.J.S.A. 17:22A-40(a)(2), (4), (8). There was unrebutted evidence to support the charges that appellant violated the regulations, withheld funds improperly and was irresponsible in the conduct of his business. L.C. was unknowingly uninsured for a year. This conduct could have posed substantial risk to the insured. We cannot say that the sanction of revocation was an abuse of the Commissioner's discretion.

Appellant contends the Commissioner's imposition of civil penalties was excessive and in violation of the law because the Commissioner did not consider the factors under Kimmelman. 108 N.J. at 123. He contends that the penalties violated the Excessive Fines Clause of the U.S. Constitution's Eighth Amendment. Neither argument was addressed to the Commissioner because appellant never responded to the charges.

The Commissioner is authorized to assess civil penalties for violation of the Act or regulations.

> Any person violating any provision of this act shall be liable to a penalty not exceeding $5000 for the first offense and not exceeding $10,000 for each subsequent offense to be recovered in a summary proceeding . . . . In addition, the commissioner or the court, as the case may be, may order restitution of moneys owed any person and reimbursement of the costs of investigation and prosecution, as appropriate.
>
> [N.J.S.A. 17:22A-45(c).]

Administrative penalties "must be tested for reasonableness as applied to the specific facts involved." In re Garay, 89 N.J. 104, 115 (1982). To determine reasonableness, courts assess "whether [the] punishment is so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness." Zahl, 186 N.J. at 354 (quotation omitted). Our Supreme Court has outlined seven factors for consideration when imposing civil penalties: (1) the good or bad faith of a defendant; (2) a defendant's ability to pay; (3) amount of profits obtained from the illegal activity; (4) injury to the public; (5) duration of the conspiracy; (6) existence of criminal or treble damages actions; and, (7) past violations. Kimmelman, 108 N.J. at 137-39.

The Commissioner imposed the maximum civil penalty here, assessing $5000 for count one and $10,000 for each of the remaining two counts for a total

of $25,000. The Commissioner also assessed $487.50 for investigation costs. The assessment of costs is not challenged.

The Commissioner acknowledges she did not analyze the Kimmelman factors because the administrative action was a final order following appellant's default. However, there is nothing in the Act that would support the imposition of the maximum civil penalty just because there has been a default. The law has long supported the notion that the assessment of civil penalties should not be calculated simply based on the maximum allowable. See Garay, 89 N.J. at 115 (providing that where the maximum civil penalty was imposed, the director did not exercise discretion and the Court "remand[ed] to him to decide upon a reasonable sum."). By not analyzing the factors under Kimmelman or any other information, we conclude the Commissioner has not appropriately exercised discretion. Therefore, we vacate the civil penalties and remand that issue to the Commissioner for further consideration and analysis. The Commissioner should permit appellant and the DOBI the opportunity to submit argument on this issue.

Appellant also contends the civil penalty raises issues of a constitutional dimension. That issue is moot in light of our opinion. It also was never raised to the Commissioner. We are not required to decide issues that were not raised.

See State v. Galicia, 210 N.J. 364, 382 (2012) (stating that "[g]enerally, an appellate court will not consider issues . . . which were not raised below").

Affirmed in part; the civil penalties are vacated and that issue is remanded to the Commissioner for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0119-19T3