SYLLABUS

This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court. In the interest of brevity, portions of an opinion may not have been summarized.

**Elmer Branch v. Cream-O-Land Dairy (A-29-19) (083379)**

**Argued September 30, 2020 -- Decided January 13, 2021**

**PATTERSON, J., writing for the Court.**

Plaintiff Elmer Branch brought a putative class action against his employer, defendant Cream-O-Land Dairy, on behalf of himself and similarly situated truck drivers employed by defendant, for payment of overtime wages pursuant to the New Jersey Wage and Hour Law (WHL). In this appeal, the Court considers whether defendant could assert a defense to the action under N.J.S.A. 34:11-56a25.2 based on its good-faith reliance on certain determinations by employees of the Department of Labor and Workforce Development (Department) that defendant is a "trucking industry employer."

Subject to exceptions enumerated in the statute, the WHL provides that an employer shall "pay each employee not less than 1 ½ times such employee's regular hourly rate for each hour of" overtime. N.J.S.A. 34:11-56a4(b)(1). The WHL, however, creates an exemption from that overtime compensation requirement for employees of a "trucking industry employer." N.J.S.A. 34:11-56a4(f). For such employees, the WHL provides for "an overtime rate not less than 1 ½ times the minimum wage." Ibid.

In response to plaintiff's argument that defendant failed to pay truck drivers as mandated by N.J.S.A. 34:11-56a4(b)(1), defendant argued that it was exempt from that provision as a trucking industry employer under N.J.S.A. 34:11-56a4(f). Defendant also asserted that it was entitled to invoke the absolute defense set forth in N.J.S.A. 34:11-56a25.2 because it had relied in good faith on three matters in which the Department had investigated its operations and concluded that it was a "trucking industry employer." Those determinations were reached by a hearing and review officer, a senior investigator, and the Section Chief of the Division of Wage and Hour Compliance (Division), respectively, but not by the Commissioner of Labor or Director of the Division. None of those matters was appealed by the complainant driver, and no further proceedings occurred in the Department with respect to any of the three matters.

The trial court viewed those decisions to satisfy N.J.S.A. 34:11-56a25.2's standard for the good-faith defense and granted summary judgment dismissing plaintiff's claims. The court did not address whether defendant constituted a "trucking industry employer" within the meaning of N.J.S.A. 34:11-56a4(f).

1

The Appellate Division reversed, finding that none of the determinations on which defendant relied met the requirements of the good-faith defense under the plain language of N.J.S.A. 34:11-56a25.2. The Appellate Division also rejected defendant's invocation of a 2006 Opinion Letter by the Director of the Division that for certain employees of trucking industry employers, N.J.S.A. 34:11-56a4 "establishes their overtime rate at 1 ½ times the minimum wage" because defendant did not represent that it had relied on that letter when it determined its overtime compensation.

The Court granted certification. 240 N.J. 202 (2019).

**HELD:** None of the decisions identified by defendant satisfy the requirements of the good-faith defense under the plain language of N.J.S.A. 34:11-56a25.2. The Court acknowledges, however, the dilemma faced by an employer such as defendant, which repeatedly prevailed in overtime disputes before subordinate Department employees but was unable to seek a ruling that would satisfy that statute because each of those disputes was resolved without further review. The Court respectfully suggests that the Department would further the Legislature's intent if it instituted a procedure by which an employer in defendant's position could obtain an opinion letter or other ruling clarifying its obligations under the WHL's overtime provisions. The Court remands this matter for consideration of defendant's argument that it is a trucking-industry employer within the meaning of N.J.S.A. 34:11-56a4(f) and for determination of whether defendant complied with the applicable WHL overtime standards in compensating its employees.

1. The Legislature intended the WHL to protect employees from unfair wages and excessive hours. The WHL and its federal counterpart, the Fair Labor Standards Act of 1938 (FLSA), reflect similar policies but are not identical. The Court reviews the structure of the Department and notes that, under the applicable regulations, the Commissioner of Labor makes the final decision of the Department if a hearing follows the assessment of an administrative penalty against an employer but that, if a matter is resolved in the employer's favor at an informal conference and the employee takes no further action, the Commissioner does not make a final decision. (pp. 17-20)

2. N.J.S.A. 34:11-56a25.2 provides an absolute defense in compensation matters under the WHL for employers who plead and prove that they have proceeded in good faith in conformity with and reliance on certain actions by the Department or the Division, specifically (1) "any written administrative regulation, order, ruling, approval or interpretation by the Commissioner . . . or the Director," or (2) "any administrative practice or enforcement policy of such department or bureau with respect to the class of employers to which he belonged." The WHL does not define most of the terms used in that statute and, to date, the Department has not promulgated regulations addressing N.J.S.A. 34:11-56a25.2's good-faith defense. The Court reviews analogous provisions under federal law and notes that federal regulations clarify the meaning of core statutory terms as they appear in the FLSA's good-faith defense provisions. (pp. 20-23)

2

3.  In construing and applying N.J.S.A. 34:11-56a25.2, the Court stresses that the Legislature identified only two bases for the assertion of a good-faith defense by an employer under the WHL.  Although the Legislature has empowered the Commissioner, the Director, "and their authorized representatives" to investigate potential violations of the WHL, the Legislature limited the first prong of the good-faith defense to determinations issued by the Commissioner and the Director themselves.  The Court considers examples of determinations that would satisfy that first prong of N.J.S.A. 34:11-56a25.2.  The statute's second prong permits reliance on a Department practice or policy applying the WHL to a "class of employers" and their employees, not to adjudications of individual complaints against a given employer.  N.J.S.A. 34:11-56a25.2's plain language requires that the employer plead and prove that at the time of its challenged act or omission, it relied on the cited authority.  (pp. 24-28)

4.  The Court concurs with the Appellate Division with respect to the application of N.J.S.A. 34:11-56a25.2's plain language to this appeal.  None of the decisions cited by defendant was issued by the Commissioner or the Director; nor did they constitute an administrative practice or enforcement policy addressing the class of employers to which defendant belonged.  The 2006 Opinion Letter -- a written "interpretation" by the Director of the WHL's application to overtime compensation in the trucking industry -- implicates both prongs of N.J.S.A. 34:11-56a25.2; however, it was not issued to defendant, and it apparently addressed a matter unrelated to this appeal.  Defendant never asserted, let alone pled and proved, that it relied on that Opinion Letter.  (pp. 28-30)

5.  The Court recognizes that the plain language of N.J.S.A. 34:11-56a25.2 leaves an employer such as defendant in a difficult position.  Having prevailed in three disputes that ended at an early stage, defendant had no procedural route to secure a ruling by the Commissioner or Director with respect to those determinations.  The Court respectfully suggests that the Department develop a procedure whereby an employer can seek an opinion letter or other ruling from the Commissioner or Director regarding a claimed exemption from the WHL's overtime requirements.  The Court also suggests that the Legislature and the Department determine whether additional statutory and/or regulatory guidance should be provided regarding the good-faith defense in WHL proceedings.  In that regard, the Legislature may consider the approach to the good-faith defense in certain FLSA proceedings adopted by Congress in 29 U.S.C. §§ 259 and 260.  The Court also suggests that the Department consider adopting regulations clarifying the meaning of N.J.S.A. 34:11-56a25.2's critical terms, as the United States Department of Labor defined the core terms of 29 U.S.C. § 259 in 29 C.F.R. §§ 790.13 to 790.19.  (pp. 30-31)

**AFFIRMED AS MODIFIED.  The matter is REMANDED to the trial court.**

**CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, FERNANDEZ-VINA, SOLOMON, and PIERRE-LOUIS join in JUSTICE PATTERSON's opinion.**

Elmer Branch,
on behalf of himself and
all other similarly situated persons,

Plaintiff-Respondent,

v.

Cream-O-Land Dairy,

Defendant-Appellant.

On appeal from the Superior Court,
Appellate Division, whose opinion is reported at
459 N.J. Super. 529 (App. Div. 2019).

| Argued | Decided |
| --- | --- |
| September 30, 2020 | January 13, 2021 |

David R. Kott argued the cause for appellant (Fox
Rothschild and McCarter & English, attorneys; Mark E.
Tabakman and Adam N. Saravay, on the briefs).

Ravi Sattiraju argued the cause for respondent (Sattiraju
& Tharney, attorneys; Ravi Sattiraju, of counsel and on
the briefs, and Anthony S. Almeida and Steven B. Gladis,
on the briefs).

Michael A. Galpern argued the cause for amicus curiae
New Jersey Association for Justice (Javerbaum Wurgaft
Hicks Kahn Wikstrom & Sinins, attorneys; Michael A.
Galpern on the brief).

Thomas A. Linthorst argued the cause for amici curiae New Jersey Business & Industry Association and Commerce and Industry Association of New Jersey (Morgan Lewis & Bockius, attorneys; Thomas A. Linthorst, of counsel and on the brief).

Jeffrey S. Jacobson argued the cause for amici curiae New Jersey Civil Justice Institute and National Federation of Independent Business (Faegre Drinker Biddle & Reath, attorneys; Jeffrey S. Jacobson, on the brief).

Caroline Jones, Deputy Attorney General, argued the cause for amicus curiae State of New Jersey (Gurbir S. Grewal, Attorney General, attorney; Donna Arons, Assistant Attorney General, of counsel, and Caroline Jones, on the brief).

JUSTICE PATTERSON delivered the opinion of the Court.

In this putative class action, plaintiff Elmer Branch asserted claims against his employer, defendant Cream-O-Land Dairy, for payment of overtime wages pursuant to the New Jersey Wage and Hour Law (WHL), N.J.S.A. 34:11-56a to -56a38. Plaintiff contended that he and similarly situated truck drivers employed by defendant were entitled to overtime compensation at 1 ½ times their regular hourly wage under N.J.S.A. 34:11-56a4(b)(1).

Defendant countered with two principal arguments. First, defendant asserted that it is a "trucking industry employer" under another WHL

2

provision, N.J.S.A. 34:11-56a4(f), and that it is therefore exempt from the overtime requirements of N.J.S.A. 34:11-56a4(b)(1) and required to pay only 1 ½ times the minimum wage for overtime hours.  Second, defendant argued that it relied in good faith on certain determinations that it qualified as a "trucking industry employer" and could therefore invoke the defense set forth in N.J.S.A. 34:11-56a25.2.

N.J.S.A. 34:11-56a25.2 is a provision of the WHL that affords to an employer an absolute defense in certain WHL actions involving minimum wages and overtime compensation based on the employer's good-faith reliance on certain Department of Labor and Workforce Development (Department) determinations.  To establish the good-faith defense, the employer must "plead[] and prove[] that the act or omission complained of was in good faith in conformity with and in reliance on" one of two alternative categories of determinations:  (1) "any written administrative regulation, order, ruling, approval or interpretation by the Commissioner of the Department of Labor and Industry or the Director of the Wage and Hour Bureau," or (2) "any administrative practice or enforcement policy of such department or bureau with respect to the class of employers to which [the employer] belonged." N.J.S.A. 34:11-56a25.2.

In support of its assertion of the WHL's good-faith defense, defendant cited three prior determinations by employees of the Department concluding that defendant was a "trucking industry employer" entitled to claim an exemption under N.J.S.A. 34:11-56a4(f). The trial court viewed those decisions to satisfy N.J.S.A. 34:11-56a25.2's standard for the good-faith defense and granted summary judgment dismissing plaintiff's claims.

The Appellate Division reversed the trial court's grant of summary judgment, holding that none of the Department's determinations on which defendant relied met the requirements of the good-faith defense. Branch v. Cream-O-Land Dairy, 459 N.J. Super. 529, 548-53 (App. Div. 2019). It accordingly remanded this matter to the trial court for further proceedings. Id. at 553.

We concur with the Appellate Division that none of the decisions identified by defendant satisfy the requirements of the good-faith defense under the plain language of N.J.S.A. 34:11-56a25.2. We acknowledge, however, the dilemma faced by an employer such as defendant, which repeatedly prevailed in overtime disputes before subordinate Department employees but was unable to seek a ruling from the Commissioner of the Department of Labor and Workforce Development (Commissioner) because each of those disputes was resolved without further review.

4

We respectfully suggest that the Department would further the Legislature's intent in N.J.S.A. 34:11-56a25.2 if it instituted a procedure by which an employer in defendant's position could obtain an opinion letter or other ruling clarifying its obligations under the WHL's overtime provisions. The Legislature and the Department may determine whether further statutory or regulatory guidance should be provided regarding the good-faith defense under N.J.S.A. 34:11-56a25.2. In that regard, the federal approach to the good-faith defense set forth in the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 to 219, and the regulations promulgated pursuant to the FLSA, may be considered.

We affirm as modified the Appellate Division's determination. We remand this matter to the trial court for consideration of defendant's argument that it is a trucking-industry employer within the meaning of N.J.S.A. 34:11-56a4(f) and for determination of whether defendant complied with the applicable WHL overtime standards in compensating its employees.

## I.

### A.

#### 1.

Subject to exceptions enumerated in the statute, the WHL provides that an employer shall "pay each employee not less than 1 ½ times such

5

employee's regular hourly rate for each hour of working time in excess of 40 hours in any week." N.J.S.A. 34:11-56a4(b)(1). The WHL, however, creates an exemption from that overtime compensation requirement for employees of a "trucking industry employer," defined in the statute as "any business or establishment primarily operating for the purpose of conveying property from one place to another by road or highway." N.J.S.A. 34:11-56a4(f). For such employees, the WHL prescribes an alternative method of computing overtime compensation; it provides that,

> [n]otwithstanding the provisions of this section to the contrary, every trucking industry employer shall pay to all drivers, helpers, loaders and mechanics for whom the Secretary of Transportation may prescribe maximum hours of work for the safe operation of vehicles, pursuant to section 31502(b) of the federal Motor Carrier Act, 49 U.S.C. § 31502(b), an overtime rate not less than 1 ½ times the minimum wage required pursuant to this section and N.J.A.C. 12:56-3.1.
>
> [Ibid.]

Whether defendant is a "trucking industry employer" entitled to claim an exemption under N.J.S.A. 34:11-56a4(f) is the core issue in the litigation that gave rise to this appeal.

## 2.

In his putative class action complaint, plaintiff sought certification of a class consisting of "[a]ll individuals that performed truck driving functions in

6

the State of New Jersey for Defendants from November 2014 to the present." Plaintiff alleged that he and other class members worked an average of sixty to eighty hours per week loading and unloading defendant's snack products and delivering those products to defendant's customers. Plaintiff claimed that he and the other truck drivers employed by defendant were entitled to be paid 1 ½ times their hourly rate in overtime compensation when they worked more than forty hours per week. He contended that defendant violated the WHL by failing to pay them overtime in accordance with N.J.S.A. 34:11-56a4(b)(1).

Defendant responded that it was exempt from paying overtime under the formula set forth in N.J.S.A. 34:11-56a4(b)(1) because it qualified as a "trucking industry employer" within the meaning of N.J.S.A. 34:11-56a4(f). It asserted as an affirmative defense the good-faith defense under N.J.S.A. 34:11-56a25.2.

Pursuant to Rule 4:46-2, defendant filed a motion for summary judgment in the trial court, seeking dismissal of the complaint. It contended that it was indisputably a "trucking industry employer" and was thus exempted under N.J.S.A. 34:11-56a4(f) from N.J.S.A. 34:11-56a4(b)(1)'s overtime requirements. Defendant asserted that its "sole business is the warehousing and conveying of refrigerated and non-refrigerated products . . . from one place to another by highway," and that it did not manufacture or produce any

7

products. It contended that it complied with N.J.S.A. 34:11-56a4(f) in compensating its truck drivers for overtime work, because those drivers "earned at least one-and-a-half times the minimum wage for every hour worked, as required under th[e] statute."

In support of its assertion of the good-faith defense prescribed by N.J.S.A. 34:11-56a25.2, defendant relied on three matters in which the Department had investigated its operations and concluded that it was a "trucking industry employer" and was exempt from N.J.S.A. 34:11-56a4(b)(1)'s overtime requirements pursuant to N.J.S.A. 34:11-56a4(f).

The first of those matters arose in 2007, when the Department investigated defendant's overtime practices in response to a driver's complaint that he was not paid the requisite overtime wages for hours worked in excess of forty per week. Appealing the Department's imposition of a $40,000 penalty for failure to pay overtime, defendant attended a conference with a Department hearing and review officer. The hearing and review officer issued a handwritten decision stating that defendant "is considered a trucking industry employer required only to pay drivers time and ½ of minimum wage, which is what the company is doing. The Department will take no further action regarding [the case]. The penalties have been abated and the case is now closed."

8

The Department investigated defendant's overtime compensation practices for the second time in 2014, again in response to a driver's complaint. A senior investigator for the Department sent an e-mail to defendant's counsel stating that "[i]t's been determined that [defendant] falls under the Federal Trucking guidelines of overtime exemption. The claimant was briefed of our findings, and referred to [the United States Department of Labor] for questions and concerns."

Finally, in 2017, the Department investigated another driver's complaint that he was not compensated for overtime work in accordance with the WHL. Following an investigation, the Section Chief of the Division of Wage and Hour Compliance (Division) advised defendant by e-mail that

> [t]he inspection report indicated that [defendant] is considered a transportation company rather than a dairy. Since the complainant consistently made above 1½ times minimum wage -- currently $8.44 -- which equals $12.66 -- per hour, we did not find the company to be in violation of law at this time. We have sent the complainant a letter advising him of his right to pursue his claim at a formal Wage Collection proceeding, but he has not replied. The complainant has to be the moving party in order for a Wage Collection proceeding to go forward. Failing to hear from him, we shall take no further action on this matter at this time.

None of the three decisions on which defendant relied in its summary judgment motion was issued by or on behalf of the Commissioner or the

9

Director of the Wage and Hour Bureau (Director).  None was appealed by the complainant driver, and no further proceedings occurred in the Department with respect to any of the three matters.

In response to defendant's motion for summary judgment, plaintiff argued that defendant could not assert the good-faith defense under N.J.S.A. 34:11-56a25.2 absent a decision by the Commissioner or Director, or a written administrative regulation, order, ruling, approval, or interpretation by the Commissioner or the Director.  He also argued that he was entitled to further discovery before summary judgment could be entered dismissing his claim.

The trial court granted defendant's motion for summary judgment.  The court acknowledged that the language of N.J.S.A. 34:11-56a25.2, if construed strictly, required the employer to rely on a decision by the Commissioner. However, the trial court concluded that defendant could assert the good-faith defense without a specific direction from the Commissioner.  Citing State v. Frech Funeral Home, 185 N.J. Super. 385, 393-97 (Law Div. 1982), the court reasoned that "three investigations should be adequate to establish an enforcement policy with respect to the defendant's industry," and that "an employer should be permitted to rely on such determinations."  The court did not address whether defendant constituted a "trucking industry employer" within the meaning of N.J.S.A. 34:11-56a4(f).

Plaintiff appealed the trial court's grant of summary judgment and its denial of his motion for reconsideration. Following oral argument, the Appellate Division granted defendant's motion to supplement the record with a June 19, 2006 Opinion Letter from Michael P. McCarthy, then the Director of the Division of Wage and Hour Compliance, to a law firm representing an employer in a matter unrelated to this appeal (2006 Opinion Letter). Branch, 459 N.J. Super. at 537-38. In the 2006 Opinion Letter, McCarthy advised the law firm that for certain employees of trucking industry employers, N.J.S.A. 34:11-56a4 "establishes their overtime rate at 1 ½ times the minimum wage, rather than basing it on the normally defined regular hourly rate." Defendant did not represent that it had relied on the 2006 Opinion Letter when it determined the overtime compensation of plaintiff or other members of his putative class.

The Appellate Division invited the Attorney General to appear in this matter as amicus curiae. In an amicus brief, the Attorney General took the position that none of the three decisions on which defendant relied constituted a basis for an employer's assertion of the good-faith defense under N.J.S.A. 34:11-56a25.2. The Attorney General stated, however, that the 2006 Opinion

11

Letter met the statute's requirements, because that Opinion Letter represented the Department's interpretation of the WHL.

The Appellate Division held that an employer can satisfy the first prong of N.J.S.A. 34:11-56a25.2 -- the requirement of a "written administrative regulation, order, ruling, approval or interpretation by the [Commissioner] or the [Director]" -- only if it had acted in conformity with and in reliance on "either the Commissioner's final agency decision rendered after an [Office of Administrative Law] hearing or a Wage Collection Referee's final decision." Branch, 459 N.J. Super. at 548. The court concluded that because defendant's three determinations fell in neither category, defendant could not assert N.J.S.A. 34:11-56a25.2's good-faith defense on the basis of that provision's first prong. Ibid.

The Appellate Division ruled that an employer can satisfy the statute's second prong, requiring conformity with and reliance on an "administrative practice or enforcement policy," only if the agency determination "carr[ies] the imprimatur of the agency head." Ibid. The court determined that the three decisions invoked by defendant, all of which were "initial determinations" subject to further appeal, fell short of that mark. Id. at 548-49. Although the Appellate Division viewed the 2006 Opinion Letter to constitute an "administrative practice or enforcement policy" that could support an

12

employer's assertion of the good-faith defense, it ruled that the Opinion Letter did not satisfy N.J.S.A. 34:11-56a25.2 in this case because defendant had presented no evidence that it relied on that document when it determined its employees' overtime compensation.  Id. at 550-51.

Accordingly, the Appellate Division reversed the trial court's grant of summary judgment and remanded for further discovery as to "whether defendant meets the statutory definition of a trucking industry employer and the actual hourly compensation plaintiff received."  Id. at 553.

C.

We granted defendant's petition for certification.  240 N.J. 202 (2019). We maintained the amicus curiae status of the Attorney General, and we granted the joint applications of the New Jersey Civil Justice Institute (NJCJI) and the National Federation of Independent Business (NFIB), and of the New Jersey Business & Industry Association (NJBIA) and the Commerce and Industry Association of New Jersey (CIANJ), as well as the application of the New Jersey Association for Justice (NJAJ), to appear as amici curiae.

II.

A.

Defendant claims that the Appellate Division ignored the plain language of N.J.S.A. 34:11-56a25.2 when it held that the three decisions cited by

defendant do not give rise to a good-faith defense. It contends that N.J.S.A. 34:11-56a25.2 does not mandate that the employer rely on a "final agency decision" in order to assert the defense. Defendant asserts that the Appellate Division improperly deferred to what it characterizes as the Attorney General's new interpretation of N.J.S.A. 34:11-56a25.2. It urges the Court to rely on federal case law and regulations applying 29 U.S.C. § 259, an FLSA provision addressing the good-faith defense.

B.

Plaintiff counters that the Appellate Division properly construed the WHL's good-faith defense narrowly, as the defense exempts certain employers from WHL provisions protecting employees from unfair wages and excessive hours. He maintains that the Appellate Division correctly determined that none of the three decisions cited by defendant met the requirements of N.J.S.A. 34:11-56a25.2. Plaintiff asserts that the Appellate Division's decision accords with the plain language of N.J.S.A. 34:11-56a25.2 and the Attorney General's interpretation of the statute. He notes that the federal standard governing the good-faith defense under the FLSA has not been adopted in New Jersey, and he urges the Court not to consider that standard in this appeal.

C.

Amicus curiae the Attorney General asserts that the good-faith defense applies only to the high-level decisions by the Department enumerated in N.J.S.A. 34:11-56a25.2: administrative rulemaking, a final decision by the Commissioner or Director, or an official practice or policy that affects a class of employers. The Attorney General contends that none of the three cited informal decisions by subordinate employees of the Department meets N.J.S.A. 34:11-56a25.2's requirements. The Attorney General acknowledges, however, that the 2006 Opinion Letter, which broadly discussed the Department's policy and interpretation of the WHL, meets the description set forth in the second prong of the statute.

D.

Amici curiae NJCJI and NFIB contend that it is impractical for the Commissioner or the Director to personally make and communicate all decisions to terminate investigations and that it is unfair to require an employer to demonstrate the involvement of one of those senior officials in order to assert the good-faith defense. They argue that repeated findings by Department investigators that a business's employees were properly compensated for overtime work should give that business a legitimate basis to assert good-faith compliance with the WHL.

15

E.

Amici curiae NJBIA and CIANJ assert that the three decisions defendant received, each confirming defendant's status as a "trucking industry employer" within the meaning of N.J.S.A. 34:11-56a4(f), clearly reflected the Department's "ruling, approval and/or interpretation." Amici argue that an employer should be permitted to rely on such decisions in good faith.

F.

Amicus curiae NJAJ urges the Court to narrowly construe the good-faith defense. It concurs with plaintiff that the plain language of N.J.S.A. 34:11-56a25.2 limits the good-faith defense to employers relying on decisions by the Commissioner or Director, and that the statute excludes decisions by investigators or other Department employees. NJAJ contends that even if federal laws were followed, the Appellate Division's decision would be correct, because the federal good-faith defense requires action by the agency itself, not individual employees of that agency.

III.

A.

We review de novo the trial court's grant of summary judgment to defendants. Barila v. Bd. of Educ. of Cliffside Park, 241 N.J. 595, 611 (2020); Townsend v. Pierre, 221 N.J. 36, 59 (2015). Applying the same standard that

16

governs the trial court's review, we determine whether "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c); see also Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). We review the trial court's denial of plaintiff's motion for reconsideration for abuse of discretion. Kornbleuth v. Westover, 241 N.J. 289, 301 (2020).

### B.

When it enacted the WHL in 1966, the Legislature declared it to be the public policy of the State "to establish a minimum wage level for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency and well-being." N.J.S.A. 34:11-56a. The Legislature intended the WHL "to protect employees from unfair wages and excessive hours." Hargrove v. Sleepy's, LLC, 220 N.J. 289, 304 (2015) (quoting In re Raymour & Flanigan Furniture, 405 N.J. Super. 367, 376 (App. Div. 2009)). The statute "should be construed liberally to effectuate its purpose." Ibid. (citing Dep't of Labor v. Pepsi-Cola Co., 170 N.J. 59, 62 (2001)).

17

The WHL and its federal counterpart, the FLSA, reflect similar policies; indeed, "[w]e assume that the FLSA mandate for a federal minimum wage influenced the adoption in 1966 of the WHL to protect workers not covered by FLSA." Id. at 313. The state and federal statutes, however, are not identical, and New Jersey's wage-and-hour law has occasionally diverged from the federal wage-and-hour law in specific respects. See, e.g., id. at 310-16 (adopting a different test for employee status under the WHL and the Wage Payment Law, N.J.S.A. 34:11-4.1 to -4.14, from that imposed under federal law).

The Department, charged with the responsibility to enforce the WHL, executes its powers and performs its duties "under the supervision and control of the [C]ommissioner of [L]abor." N.J.S.A. 34:1-2. Accordingly, the Commissioner serves as "the executive and administrative head of the [D]epartment." N.J.S.A. 34:1-5.

The Department acts "through departmental bureaus, under the supervision and control of the [C]ommissioner." N.J.S.A. 34:1-2. Pursuant to the WHL, the Commissioner is required to "maintain a bureau in the [D]epartment to which the administration of this act, and of any minimum wage orders or regulations promulgated hereunder, shall be assigned, said bureau to consist of a director in charge and such assistants and employees as

18

the [C]ommissioner may deem desirable." N.J.S.A. 34:11-56a2. The Division, headed by the Director, is assigned that authority.

Among other powers, the Commissioner, the Director, "and their authorized representatives" have the authority to "investigate and ascertain the wages of persons employed in any occupation in the State." N.J.S.A. 34:11-56a6(a). When the Commissioner determines that an employer has violated the WHL, he or she may collect wages and impose administrative fees and penalties. See N.J.A.C. 12:56-1.1 to -1.7.

Pursuant to N.J.A.C. 12:56-1.6(a) and (b), when the Commissioner assesses an administrative penalty against an employer, the employer has the right to a hearing conducted pursuant to the Administrative Procedure Act, N.J.S.A. 52:14B-1 to -31. If the employer requests such a hearing, the Division reviews the request and determines whether "the reason for dispute could be resolvable at an informal settlement conference." N.J.A.C. 12:56-1.6(c). If a matter is referred for such a conference but remains unresolved, it is "forwarded to the Office of Administrative Law for a formal hearing." Ibid. Following that hearing, "[t]he Commissioner shall make the final decision of the Department," subject to the right to appeal that decision to the Appellate Division. N.J.A.C. 12:56-1.6(d), (e). When the matter is resolved in the employer's favor at an informal conference and the employee takes no further

19

action, however, the Commissioner does not make a final decision pursuant to N.J.A.C. 12:56-1.6(d). See N.J.A.C. 12:56-1.

## C.

### 1.

The Legislature prescribed an absolute defense to liability, fees, or penalties in minimum wage and overtime compensation matters under the WHL for employers who plead and prove that they have proceeded in good faith in conformity with and reliance on certain actions by the Department or the Division. The good-faith defense is codified in N.J.S.A. 34:11-56a25.2, which provides that

> no employer shall be subject to any liability or punishment for or on account of the failure of the employer to pay minimum wages or overtime compensation under this act, if he pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval or interpretation by the Commissioner of the Department of Labor and Industry or the Director of the Wage and Hour Bureau, or any administrative practice or enforcement policy of such department or bureau with respect to the class of employers to which he belonged. Such a defense, if established, shall be a complete bar to the action or proceeding, notwithstanding, that after such act or omission, such administrative regulation, order, ruling, approval, interpretation, practice, or enforcement policy is modified or rescinded or is

determined by judicial authority to be invalid or of no legal effect.

The WHL does not define the terms "written administrative regulation," "order," "ruling," "approval," "interpretation," "administrative practice," or "enforcement policy," as those terms are used in N.J.S.A. 34:11-56a25.2.[1]  To date, the Department has not promulgated regulations addressing N.J.S.A. 34:11-56a25.2's good-faith defense.

2.

When it enacted the Portal-to-Portal Act, 29 U.S.C. §§ 251 to 262, Congress prescribed a good-faith defense for certain employers exposed to potential liability or penalties under the FLSA.  29 U.S.C. § 259(a) provides that

> no employer shall be subject to any liability or punishment for or on account of the failure of the employer to pay minimum wages or overtime compensation under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act, if he pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation, of

---

[1]  Consistent with the plain language of N.J.S.A. 34:11-56a25.2, the WHL generally defines the term "Commissioner" to denote "the Commissioner of Labor and Workforce Development."  N.J.S.A. 34:11-56a1(a).  It defines the term "Director" to mean "the director in charge of the bureau referred to in [N.J.S.A.] 34:11-56a2," and thus to denote the Director of the Division of Wage and Hour Compliance.  N.J.S.A. 34:11-56a1(b).

the agency of the United States specified in subsection (b) of this section, or any administrative practice or enforcement policy of such agency with respect to the class of employers to which he belonged. Such a defense, if established, shall be a bar to the action or proceeding, notwithstanding that after such act or omission, such administrative regulation, order, ruling, approval, interpretation, practice, or enforcement policy is modified or rescinded or is determined by judicial authority to be invalid or of no legal effect.

In addition to providing for an absolute defense in the event that the employer meets the requirements of 29 U.S.C. § 259, Congress also enacted a second good-faith provision that may impact the award of damages in a given case. 29 U.S.C. § 260 provides that

if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in [29 U.S.C. § 216].

Regulations promulgated by the United States Department of Labor applying the Portal-to-Portal Act to the FLSA define and expand upon some of the provisions' critical terms. Under the federal regulations, "'good faith' is not to be determined merely from the actual state of [the employer's] mind," but "also depends upon an objective test -- whether the employer, in acting or

22

omitting to act as he did, and in relying upon the regulation, order, ruling, approval, interpretation, administrative practice or enforcement policy, acted as a reasonably prudent man would have acted under the same or similar circumstances." 29 C.F.R. § 790.15(a). Moreover, when an employer asserts the good-faith defense under 29 U.S.C. § 259, "the regulation, order, ruling, approval, interpretation, administrative practice or enforcement policy relied upon and conformed with must be that of the 'Administrator of the Wage and Hour Division of the Department of Labor.'" 29 C.F.R. § 790.13(a). In addition, "a regulation, order, ruling, approval, or interpretation of the Administrator may be relied on only if it is in writing." Ibid.

A federal regulation defines the terms "administrative regulations," "orders," "rulings," "approvals," and "interpretations," as those terms appear in 29 U.S.C. § 259. 29 C.F.R. § 790.17. Another regulation explains the phrase "administrative practice or enforcement policy" for purposes of 29 U.S.C. § 259. 29 C.F.R. § 790.18. Thus, federal regulations clarify the meaning of those core statutory terms as they appear in the FLSA's good-faith defense provisions.

23

## D.

## 1.

Against that backdrop, we construe and apply N.J.S.A. 34:11-56a25.2, the WHL's provision addressing the good-faith defense. We interpret the provision in accordance with familiar principles of statutory construction. Our "paramount goal" is to discern the Legislature's intent. DiProspero v. Penn, 183 N.J. 477, 492 (2005). The best evidence of that legislative intent is the statutory language, which is, accordingly, "the first place we look." Richardson v. Bd. of Trs., PFRS, 192 N.J. 189, 195 (2007). If the statute's plain language leads to a clearly understood result, the judicial inquiry is complete. Ibid.; Felix v. Richards, 241 N.J. 169, 179 (2020) (noting that when "language admits of only one clear interpretation," the interpretive task ends and the court enforces that meaning).

"[I]t is not our function to rewrite a plainly written statute or to presume that the Legislature meant something other than what it conveyed in its clearly expressed language." Shipyard Assocs., LP v. City of Hoboken, 242 N.J. 23, 45 (2020) (quoting Murray v. Plainfield Rescue Squad, 210 N.J. 581, 592 (2012)). It is only when the statute's language is ambiguous that we consider legislative history and other extrinsic materials. Sanchez v. Fitness Factory

Edgewater, LLC, 242 N.J. 252, 261 (2020); Kean Fed'n of Tchrs. v. Morell, 233 N.J. 566, 583 (2018).

2.

When it enacted N.J.S.A. 34:11-56a25.2, the Legislature clearly intended to demand more than a subjective showing by the employer that it believed in good faith that its overtime compensation practices conformed to the WHL.[2]  Indeed, the Legislature identified only two bases for the assertion of a good-faith defense by an employer who has allegedly failed to pay minimum wages or overtime compensation under the WHL.  N.J.S.A. 34:11-56a25.2.  We consider each in turn.

Under the statute's first prong, the employer may assert the good-faith defense if "he pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any written administrative

---

[2]  In Frech, the Law Division held that a funeral home that had deemed certain employees to be "professional" employees exempt from WHL overtime compensation provisions was entitled to assert the good-faith defense based on a regulatory definition of "professional" and compensation practices in the funeral home industry.  185 N.J. Super. at 393-97.  The court in Frech did not apply N.J.S.A. 34:11-56a25.2's plain language to determine whether the employer had met the statutory test for the good-faith defense.  Ibid.  We agree with the Appellate Division that N.J.S.A. 34:11-56a25.2 does not authorize a court to assess the employer's good faith based on the non-statutory factors on which the court relied in Frech.  See Branch, 459 N.J. Super. at 546-48; see also Keeley v. Loomis Fargo & Co., 183 F.3d 257, 269 & n.9 (3d Cir. 1999) (declining to follow Frech in construing N.J.S.A. 34:11-56a25.2).

25

regulation, order, ruling, approval or interpretation by the Commissioner . . . or the Director." Ibid. In N.J.S.A. 34:11-56a6, the Legislature empowered the Commissioner, the Director, "and their authorized representatives" to investigate potential violations of the WHL. In N.J.S.A. 34:11-56a25.2, however, the Legislature limited the first prong of the good-faith defense to determinations issued by the Commissioner and the Director themselves.

By the statute's plain terms, the employer can assert good faith based on pleading and proof of its conformity with and reliance on administrative rulemaking. N.J.S.A. 34:11-56a25.2. A final decision of the Commissioner pursuant to N.J.A.C. 12:56-1.6(d) following an adversarial proceeding before the Office of Administrative Law (OAL) would also clearly constitute an "order, ruling, approval or interpretation by the Commissioner" for purposes of N.J.S.A. 34:11-56a25.2's first prong.[3] The legislative intent to limit the application of N.J.S.A. 34:11-56a25.2, however, is clear: to satisfy N.J.S.A. 34:11-56a25.2's first prong, the employer must show compliance with and

---

[3] We do not concur with the Appellate Division that only two categories of enforcement determinations -- the Commissioner's final agency decision rendered after an OAL hearing or a Wage Collection Referee's final determination of a complaint filed with the Wage Collection Division under N.J.S.A. 34:11 -- could ever meet the requirements of N.J.S.A. 34:11-56a25.2's first prong. See Branch, 459 N.J. Super. at 548. We need not decide in this appeal whether additional categories of determinations pursuant to the WHL may satisfy the statutory test.

26

reliance on a regulation or an order, ruling, approval, or interpretation by the Commissioner or the Director, not determinations by those officials' subordinate employees.

Under N.J.S.A. 34:11-56a25.2's second prong, the employer may assert the good-faith defense if "he pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on . . . any administrative practice or enforcement policy of such department or bureau with respect to the class of employers to which he belonged." We concur with the Attorney General on the import of that provision: the statute mandates a Department practice or policy applying the WHL to a "class of employers" and their employees, not to adjudications of individual complaints against a given employer.

Finally, N.J.S.A. 34:11-56a25.2's plain language requires that the employer plead and prove that at the time of the act or omission that gives rise to the potential liability or sanction, it relied on the cited authority, whether in the form of an "administrative regulation, order, ruling, approval or interpretation" under prong one, or an "administrative practice or enforcement policy" under prong two. Accordingly, an employer may not assert the good-faith defense under either prong of N.J.S.A. 34:11-56a25.2 based on its

27

conformity with a determination by the Department if it cannot prove reliance on that determination.

3.

We thus concur with the Appellate Division with respect to the application of N.J.S.A. 34:11-56a25.2's plain language to this appeal. We do not view the three prior decisions cited by defendant, or the 2006 Opinion Letter invoked by defendant on appeal, to meet either prong of the statutory test.

The 2007 decision in defendant's favor by a hearing and review officer did not constitute a "written administrative regulation, order, ruling, approval or interpretation by the Commissioner . . . or the Director" and thus does not meet the standard prescribed in the first prong of N.J.S.A. 34:11-56a25.2. Because the matter was resolved in defendant's favor at a conference and was then closed, it never proceeded to a hearing before an Administrative Law Judge and did not give rise to a final determination by the Commissioner. See N.J.A.C. 12:56-1.6(c), (d) (prescribing procedure for determination when a dispute over an administrative penalty is not resolved at a conference). Moreover, defendant's 2007 WHL matter did not give rise to a Department or Division "administrative practice or enforcement policy" regarding the "class

28

of employers" to which defendant belonged and thus fails to satisfy the second prong of N.J.S.A. 34:11-56a25.2.

For the same reasons, the 2014 decision by a senior investigator and the 2017 determination by a section chief also fall short of the statutory mark. Neither decision was issued by the Commissioner or the Director; neither constituted an administrative practice or enforcement policy addressing the class of employers to which defendant belonged. N.J.S.A. 34:11-56a25.2.

The 2006 Opinion Letter, in contrast, constitutes a written "interpretation" by the Director of the WHL's application to overtime compensation in the trucking industry. That letter, signed by the Director, states the Division's "practice or enforcement policy" with regard to that "class of employers," thus implicating both prongs of N.J.S.A. 34:11-56a25.2. The 2006 Opinion Letter, however, does not support defendant's assertion of the good-faith defense. It was not issued to defendant, and it apparently addressed a matter unrelated to this appeal. Defendant never asserted, let alone pled and proved, that it relied on that Opinion Letter when it determined the overtime compensation of plaintiff and the putative class.

In short, we agree with the Appellate Division that defendant has not met the requirements of the good-faith defense under N.J.S.A. 34:11-56a25.2. We hold that the trial court improperly granted summary judgment in

29

defendant's favor and denied plaintiff's motion for reconsideration. We concur with the Appellate Division that this matter should be remanded for further proceedings in which defendant will have the opportunity to prove that it is a trucking-industry employer entitled to invoke N.J.S.A. 34:11-56a4(f)'s exception to WHL overtime requirements, and the trial court will determine whether defendant complied with the WHL overtime provisions in compensating its employees.

E.

We recognize that the plain language of N.J.S.A. 34:11-56a25.2 leaves an employer such as defendant in a difficult position. Having prevailed in three disputes that ended at an early stage, defendant was afforded no procedural route to secure a ruling by the Commissioner or Director with respect to those determinations. See N.J.A.C. 12:56-1.6(c), (d). Although the Department communicated to defendant three times in the span of a decade that it was a trucking-industry employer exempt from the WHL's general overtime requirements under N.J.S.A. 34:11-56a4(f), defendant was not entitled to assert the good-faith defense based on those determinations.

Consistent with the Legislature's intent when it enacted the WHL's good-faith defense, we respectfully suggest that the Department develop a procedure whereby an employer can seek an opinion letter or other ruling from

the Commissioner or Director regarding a claimed exemption from the WHL's overtime requirements. Such a procedure would assist employers who intend in good faith to comply with their obligations under the WHL, clarify the employer's obligations under the WHL, and avoid unnecessary litigation.

We also suggest that the Legislature and the Department determine whether additional statutory and/or regulatory guidance should be provided to employers and employees regarding the good-faith defense in WHL proceedings. In that regard, the Legislature may consider the approach to the good-faith defense in certain FLSA proceedings adopted by Congress in 29 U.S.C. §§ 259 and 260. We also suggest that the Department consider adopting regulations clarifying the meaning of N.J.S.A. 34:11-56a25.2's critical terms, as the United States Department of Labor defined the core terms of 29 U.S.C. § 259 in 29 C.F.R. §§ 790.13 to 790.19.

## IV.

The judgment of the Appellate Division is affirmed as modified, and the matter is remanded to the trial court for further proceedings consistent with this opinion.


CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, FERNANDEZ-VINA, SOLOMON, and PIERRE-LOUIS join in JUSTICE PATTERSON's opinion.